Cherry, Appellant, *v.* Empire Mutual Insurance Company.

8

Argued November 16, 1964. Before Bell, C. J., Mus-
manno, Jones, Cohen, Eagen, O'Brien and Roberts,
JJ.

reargument refused April 12, 1965.

*John A. McMenamin,* with him *Charles A. Lord,* and
*Richter, Lord, Toll & Cavanaugh,* for appellants.

*Cecil P. Harvey,* Special Assistant Attorney Gen-
eral, for insurance commissioner, appellee.

*Barrett G. Tawresey,* with him *Robert B. Ely, III,*
for garnishee, appellee.

Opinion by Mr. Justice Cohen, March 16, 1965:
This is an appeal from the order of the lower court
sustaining a garnishee's preliminary objection to inter-

rogatories in aid of attachment execution to enforce a money judgment and staying execution until further order. The appeal, being interlocutory, must be quashed.

On December 31, 1963, plaintiffs-appellants obtained a money judgment against Empire Mutual Insurance Company. On January 29, 1964, a writ of execution issued directing the sheriff to levy upon and sell the property of Empire and to attach property of Empire in the possession of appellee, Insurance Company of North America, as garnishee of debts that it may owe to Empire and to notify garnishee that it "is . . . enjoined from paying any debt to or for the account of the defendant(s) and from delivering any property of the defendant(s) or otherwise disposing thereof . . . ." On March 24, 1964 plaintiffs filed interrogatories to garnishee-appellee.

Subsequently, without leave of court, the Insurance Commissioner of the Commonwealth of Pennsylvania entered an appearance in behalf of Empire, and, thereafter, on April 8, 1964, filed a petition to abate the attachment execution alleging, inter alia, that the Commonwealth Court of Dauphin County, on January 31, 1964, entered an order to dissolve Empire, directing liquidation by the Insurance Commissioner and restraining all persons "from instituting or prosecuting any action at law or in equity or any attachment or execution against the said company." On April 13, 1964, garnishee-appellee filed preliminary objections to plaintiffs' interrogatories on the grounds that, by virtue of the Commonwealth Court's dissolution order, (a) plaintiffs were deprived of the capacity to sue or (b) the lower court lacked jurisdiction or (c) the property in possession of the garnishee was immune or exempt from execution. In their answers to the Commissioner's petition and garnishee's preliminary objections plaintiffs admitted the Commonwealth Court's order dissolving

Empire but denied that said order prevented them from prosecuting their attachment or execution against garnishee.

The lower court denied "without prejudice" the Insurance Commissioner's petition to abate and gave leave for the Commissioner to intervene and apply for appropriate relief. By supplemental order the Commissioner was given leave to become a successor defendant to Empire by filing of record the material facts on which the right to substitution was based, in compliance with Pa. R. C. P. 2352(a). Further, the lower court overruled garnishee-appellee's preliminary objections "(a)" and "(b)", sustained objection "(c)", and stayed execution until further order. Appeals were taken by the Insurance Commissioner and by plaintiffs but the former was discontinued. Accordingly, the only matter before us is an appeal from the order sustaining the garnishee's preliminary objection and staying execution.

The mere sustaining of preliminary objections to a complaint without dismissing the complaint is an interlocutory order and therefore not appealable. *Sullivan v. Philadelphia*, 378 Pa. 648, 107 A. 2d 854 (1954), *Ahrens v. Goldstein*, 376 Pa. 114, 102 A. 2d 164 (1954). Similarly, the mere sustaining of preliminary objections to interrogatories is an interlocutory order which is not appealable.[1] But here the lower court not only sustained the objection but also stayed execution, and, therefore, the question remains whether this made the order appealable. In *Opening of Parkway*, 267 Pa. 219, 225, 110 Atl. 144 (1920), we said that "a determinative order relating to execution is in character a judgment, which, when of a final nature is appealable. . . ." Our

[1] Rule 3145 of Pa. R. C. P. provides: "The procedure between the plaintiff and the garnishee shall, as far as practicable, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer in assumpsit."

cases demonstrate that whether or not a stay of execution is "final" and, therefore, appealable depends upon the reason for which it was ordered.

When execution has been stayed because the defendant alleged that other litigation was pending in which he might establish a countervailing property right against plaintiff it has been held that the execution was stayed "indefinitely" and was, therefore, appealable. *Foster v. Rubenstein*, 383 Pa. 236, 118 A. 2d 195 (1955); *Patterson v. Patterson*, 27 Pa. 40 (1856); *Lietka v. Hambersky*, 167 Pa. Superior Ct. 304, 74 A. 2d 698 (1950). And cf. *Stofflett v. Kress*, 342 Pa. 332, 21 A. 2d 31 (1941) where the court stayed execution on one of defendant's parcels of property because it was of the opinion that the other was sufficient and in "fairness" should be executed upon first.

On the other hand, in *Appeal of Jenkintown N. Bank*, 124 Pa. 337 (1889), the stay of execution was not appealable. There defendant moved to open judgment and stay execution. The lower court did not open judgment but did stay execution. We said: "It is sufficient to say in regard to the appeal that the court did not open the judgment as a preliminary step; it merely stayed the execution and directed an issue to inform the conscience of the court whether an order opening the judgment should be made. . . . An order which merely stays proceedings while such an investigation is being made, is not such an order from which an appeal can be taken under the Act of 1876. [This reference was intended to be to the statute making an order opening judgment appealable. Act of 1877, April 4, P. L. 53, §1, 12 P.S. §1099]. When the court has made an order, based upon either depositions or the finding of the jury upon the issue, and the effect of such order is to refuse to open it, the case is ripe for an appeal under the Act of 1877."

In our opinion, the case at bar is like *Jenkintown* in that the court stayed execution simply to preserve the status quo while it determined the issues raised. It is true that the lower court's order simply stayed execution "until further order," rather than expressly designating the temporary nature of the order,[2] but it appears from the record that the court's purpose was to permit the Insurance Commissioner to properly come onto the record before making any determinative decision as to the legal effect of Dauphin County court's dissolution order upon plaintiffs' right to prosecute the attachment execution. This procedure is permitted by Rule 3121 of the Pa. R. C. P.[3]

If the court had intended to make a final disposition of the matter it either would have allowed immediate prosecution of the attachment execution or *set aside* the writ of execution pursuant to Rule 3121(d).[4] Instead, the court merely maintained the status quo so that an interested party would have an opportunity to come onto the record before the court made a determinative decision. Plaintiffs were protected because

---

[2] Rule 3121 of Pa. R. C. P. provides "(c) In an order staying execution the court may impose such terms and conditions or limit the stay to such reasonable time as it may deem appropriate."

[3] This rule provides, inter alia: "(a) Execution shall be stayed as to all or any part of the property of the defendant . . . (3) pending disposition of a property claim filed by a third party (4) Upon a showing of exemption or immunity of property from execution . . . (b) Execution may be stayed by the court . . . upon its own motion or application of any party in interest showing . . . (2) Any other legal or equitable ground therefor."

[4] Rule 3121(d) provides: "The court may on application of any party in interest set aside the writ, service or levy . . . (2) upon a showing of exemption or immunity of property from execution or (3) upon any other legal or equitable ground therefor." The temporary nature of the stay as opposed to setting aside the writ is highlighted by part (f) of Rule 3121 which provides, "After termination of a stay, sale may be had without reissuance of the writ."

the attachment and its restraint upon garnishee's use of the attached property remained in effect.[5]

The order is interlocutory and there is no statute which grants the right of appeal in this case. Accordingly, the appeal must be quashed.

[5] See Rule 3121(f) quoted in fn. 4, supra.