454 A.2d 1129

Charles D. RODGERS and Rose M. Rodgers, His
Wife, Appellants,

v.

Leo J. YODOCK, Jr., William J. Yodock, John N. Yodock,
Donald Martz, Partners Yodock Bros. Homes a/k/a
Yodock Brothers Mobile Home Sales.

Superior Court of Pennsylvania.

Submitted Sept. 14, 1982.

Filed Jan. 14, 1983.

Frederick M. Stanczak, Bloomsburg, for appellants.

John M. Kuchka, Berwick, for appellees.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

CERCONE, President Judge:

Appellants, Charles D. Rodgers and his wife, Rose M. Rodgers, take this appeal from the order of the lower court staying writ of execution and levy.* Because we find the order at issue to be interlocutory, we quash this appeal.

This action had its inception as a suit in assumpsit. Plaintiffs-appellants filed suit against Leo J. Yodock, Jr. and his partners, appellees herewithin, to recover their purchase money for a mobile home. The jury returned a verdict, which in effect was a recission of the contract between the parties. The verdict provided:

AND NOW, to-wit: Feb. 21, 1975, We, the jurors empaneled in the above entitled case, find a verdict in favor of Charles D. Rodgers and Rose M. Rodgers the return of the sum of the full purchase price of $5554.00 plus 6% simple interest of $666.48. Trailer to be returned to Yodock Brothers.

Subsequently, appellants filed a praecipe for a writ of execution, and the writ was duly entered. Shortly thereafter, appellees filed a petition to stay and set aside execution, alleging that appellees had tendered a cashiers check in the full amount of the verdict, but appellants refused the check. Whereupon, the court granted appellees petition to stay and the court entered this order.

* The authority of a court to stay a writ of execution is set forth in Pa.R.Crim.Pro. 3121, which, in relevant part provides:

(b) Execution may be stayed by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing

(1) a defect in the writ, levy or service; or

(2) any other legal or equitable ground therefor.

(c) In an order staying execution the court may impose such terms and conditions or limit the stay to such reasonable time as it may deem appropriate.

"AND NOW, January 21, 1981, for the reasons set forth in the opinion of even date filed in the above-captioned matter,

"IT IS ORDERED that the writ of execution and levy heretofore issued or made in the above-captioned matter be and the same are hereby set aside.

"IT IS FURTHER ORDERED that further execution process may be undertaken by the plaintiffs unless, no later than thirty (30) days after the date of the filing of this order:

(a) The plaintiffs shall deliver or tender the delivery to the defendants of the mobile home which is the subject of the above-captioned suit, and,

(b) The defendants shall, upon such delivery or tender of the aforesaid, forthwith pay, in cash, by bank money order or by cashier's or certified check, the amount set forth in the verdict of February 21, 1975, plus costs, to the plaintiffs' counsel.

"In the event that the defendants shall fail to make payment as heretofore ordered and the plaintiffs shall have complied therewith and execution process is again instituted, the writ of execution shall be restricted to the amount of the said verdict."

It is from this order that appellants are attempting to appeal.

The jurisdiction of this Court is set forth by the Judicial Code which provides in relevant part:

The Superior Court shall have appellate jurisdiction of all appeals from final orders of the court of common pleas. . . .

The Judicial Code, the Act of 1976, July 9, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (1981).

An exception to this general rule is allowed for by the Judicial Code, which says:

An appeal authorized by law from an interlocutory order in a matter shall be taken to the appellate court having jurisdiction of final orders in such matters.

The Judicial Code, the Act of 1976, July 9, P.L. 586, No. 142, § 2, as amended by the Act of 1978, April 28, P.L. 202, No. 53, § 10(2), 42 Pa.C.S. § 702(a) (1981).

The Rules of Appellate Procedure provide that an interlocutory appeal as of right may be taken from specified types of orders. Pa.R.App.P. 311. An order staying execution is *not* among these particular interlocutory orders.

Appellants, however, refer us to the case of *National Council of Junior Order v. Roberson*, 214 Pa.Superior Ct. 9, 248 A.2d 861 (1969), wherein we held that an order indefinitely staying a writ of execution is final and appealable. Appellants assert that the herewithin order acts as a permanent stay. But as the Supreme Court said in *Cherry v. Empire Mutual Insurance Company*, 417 Pa. 7, 11, 208 A.2d 470, 471 (1965), "[W]hether or not a stay of execution is 'final' and, therefore, appealable depends upon the reason for which it was ordered." In other words, the language of the stay itself must be examined.

In the instant case, it is clear that the stay was meant to be in effect only for thirty days. In relevant part, the order provided "that further execution process *may be undertaken* by the plaintiffs unless, *no later than thirty (30) days after* the date of the filing of this order...", appellants return the mobile home and appellees return the money. (Emphasis added). By its order, the court was giving the parties thirty days to voluntarily satisfy the verdict. However, if the parties did not act within the specified thirty days, then the stay was of no further effect and plaintiff-appellants could undertake "further execution process." The court's order of stay was by its very terms of a brief and definite duration, i.e. an interlocutory order. Accordingly, appellants' appeal must be quashed as being from an interlocutory order.

Appeal quashed.