**VALLEY FORGE CENTER
ASSOCIATES,**
Appellant,

v.

**RIB–IT/K.P., INC. Appellee.**

Superior Court of Pennsylvania.

Argued June 12, 1996.

Filed April 25, 1997.

Leonard Schaeffer, Philadelphia, for appellant.

Lisa M. Maloney, Philadelphia, for appellee.

Paul E. Scanlan, Philadelphia, for intervenor.

Before TAMILIA and JOHNSON, JJ., and MONTEMURO, Senior Judge.*

MONTEMURO, J.:

This is an appeal from the Order of the Dauphin County Court of Common Pleas denying the petition of Appellant, Valley Forge Center Associates ("VFCA"), for reconsideration of the June 23, 1995 Order which granted the petition of Appellee, Rib–It/K.P. Inc. ("Rib–It"), to stay and set aside a pending writ of execution. Because we conclude that this Court does not have jurisdiction, we must quash this appeal.

The facts as gleaned from the record are as follows. On August 16, 1994, VFCA entered judgment against Rib–It in the Court of Common Pleas of Montgomery County for past due rent and rent due pursuant to a sublease executed by Rib–It. On May 15, 1995, VFCA commenced execution proceedings by filing a Writ of Execution in Dauphin County and requesting that the County attach the liquor license owned by Rib–It and held by the Pennsylvania Liquor Control Board in Harrisburg. A sheriff's sale on the writ was scheduled to take place on June 26, 1995. Three days before the sale, however, on June 23, 1995, Rib–It filed a Petition to Intervene, Stay and Set Aside the Writ of Execution, alleging the priority of First Fidelity Bank's ("First Fidelity") perfected security interest in the liquor license. The trial court's Order of June 23, 1995 granting this Petition underlies the instant appeal.

On July 18, 1995, VFCA filed a Petition for Reconsideration of the June 23, 1995 Order. Thereafter, the parties filed briefs and the trial court scheduled the matter for a conference. On July 20, 1995, counsel for First Fidelity entered his appearance on the Bank's behalf, and, on August 8, 1995, filed a brief addressing First Fidelity's right to intervene and the priority of its security interest in Rib–It's liquor license. On August 28, 1995, the trial court entered an Order denying the petition of VFCA for reconsideration, and further ordered "defendant," Rib–It, to file an amended petition in accordance with Pa.R.C.P. 2328(a) controlling the procedure for intervention.[1] First Fidelity filed an amended petition on September 6, 1995 to which VFCA filed an answer on September 20, 1995. VFCA subsequently filed a notice of appeal on September 21, 1995.

VFCA ostensibly appeals from the August 28, 1995 Order denying its petition for reconsideration of the June 23, 1995 Order. Before we may address VFCA's challenges to the August 28, 1995 denial, however, as a threshold issue we must determine whether this Court has jurisdiction to hear the appeal. Although the jurisdiction of this Court was not challenged by either party, we note that this Court may raise this issue *sua sponte. Rieser v. Glukowsky,* 435 Pa.Super. 530, 535, 646 A.2d 1221, 1223 (1994). Accordingly, we must decide whether, under the

---

* Retired Justice assigned to Superior Court.

1. Although the first paragraph of the August 28, 1995 Order specifically refers to Rib–It, the second paragraph refers only to the "defendant." While the Order is not clear, we assume that, because Rib–It filed the original petition for intervention, the trial court was referring to Rib–It when it ordered the "defendant" to file an amended petition. We note that Pa.R.C.P. 2327 provides that "[a]t any time during the pendency of an action, *a person not a party thereto* shall be permitted to intervene therein...." Pa.R.C.P. 2327 (emphasis added). Since, as the defendant, Rib–It was already a party, the question of how it could intervene in its own action remains inexplicable.

applicable rules of civil procedure, VFCA properly preserved its right to appeal.

On June 23, 1995 the trial court entered an Order which stated:

> AND NOW, this 23 day of June, 1995, upon consideration of Rib It/K.P., Inc.'s Petition to Intervene, Stay and Set Aside Writ of Execution, it is hereby ORDERED and DECREED that said Petition is GRANTED and the Writ of Execution is hereby STAYED and SET ASIDE.

Initially, we note that a court in which execution proceedings are pending has an inherent right to stay or set aside the proceedings where it is necessary to protect the rights of the parties. Pa.R.C.P. 3121; *Keystone Savings Ass'n v. Kitsock*, 429 Pa.Super. 561, 564, 633 A.2d 165, 167 (1993). The appealability of such orders, i.e., the jurisdiction of this Court, however, depends upon the character of the order, as the Superior Court has appellate jurisdiction of all appeals from *final* orders of the Court of Common Pleas. 42 Pa.C.S.A. § 742.

Generally, "'a determinative order relating to execution is in character a judgment, which, when of final nature, is appealable.'" *Cherry v. Empire Mutual Ins. Co.*, 417 Pa. 7, 10, 208 A.2d 470, 471 (1965)(quoting *In re Opening of Parkway*, 267 Pa. 219, 225, 110 A. 144, 146 (1920)). Typically, an order staying execution is deemed interlocutory, and, therefore, unappealable because it is granted to maintain the status quo pending the further disposition of other court proceedings or investigations. Goodrich–Amram § 3121(c):5 at 246. *See Cherry*, 417 Pa. at 12, 208 A.2d at 472 (holding order staying execution interlocutory as it stayed execution "until further order" to permit interested party to enter appearance before court made final determination); *Jenkintown National Bank v. T.L. Fulmor*, 124 Pa. 337, 17 A. 2 (1889)(holding interlocutory a stay of execution since it was ordered merely to allow for further investigation of an issue before the court). An order staying execution becomes final and appealable, however, if granted for an indefinite duration. *Cherry*, 417 Pa. at 11, 208 A.2d at 471; *National Council of Junior Order of United American Mechanics of U.S. v. Roberson*, 214 Pa.Super. 9, 16, 248

A.2d 861, 865 (1969). Therefore, the finality and appealability of a stay order depends either upon the duration of the order or the reason for which it was entered. *Cherry*, 417 Pa. at 11, 208 A.2d at 471.

Alternatively, an order setting aside a writ of execution is a permanent remedy and constitutes a more drastic form of relief from execution. Goodrich–Amram § 3121(d):1 at 247. Accordingly, an order setting aside a writ is generally a final order subject to immediate appeal. Goodrich–Amram § 3121(d):6 at 251; *Cherry*, 417 Pa. at 12, 208 A.2d at 472. *Cf. Rodgers v. Yodock*, 309 Pa.Super. 154, 454 A.2d 1129 (1983)(holding unappealable order which "set aside" writ of execution since, by its terms, was not meant to be in effect for more than thirty days). Therefore, to determine whether an order staying or setting aside a writ is final and appealable, we must examine the language of the order itself. *Rodgers*, 309 Pa.Super. at 157, 454 A.2d at 1131.

Interestingly, in the instant case, the language of the June 23, 1995 Order states that the writ of execution is *both* "STAYED and SET ASIDE." Because an order staying execution is generally interlocutory, and an order setting aside a writ is typically final and appealable, the language of the instant Order lends itself to confusion regarding its character. In accordance with caselaw, however, we must conclude that the language of this Order renders it final and appealable. As illustrated above, the directives contained in the Order are mutually exclusive; an execution cannot be both temporarily stayed and permanently set aside.

Moreover, the Order is devoid of any limiting language and, as such, is of indefinite duration. Had the Order merely stayed the execution, its lack of specificity regarding the duration of the stay would have rendered it final and appealable. *Cherry*, 417 Pa. at 11, 208 A.2d at 471; *Rodgers*, 309 Pa.Super. at 157, 454 A.2d at 1131; *Roberson*, 214 Pa.Super. at 16, 248 A.2d at 865. Alternatively, had the Order only set aside the writ of execution, without any durational limit, the permanent nature of that directive would have rendered it final and appealable. *See*

*Cherry,* 417 Pa. at 12, 208 A.2d at 472 (stating that "[i]f the court had intended to make a final disposition of the matter it . . . would have . . . *set aside* the writ of execution pursuant to Rule 3121(d).") (footnote omitted) (emphasis in original). Accordingly, we conclude that the permanent nature of the setting aside directive coupled with its indefinite duration rendered this Order final and appealable.

■ In order to preserve the right to appeal from a final order of the Court of Common Pleas, a notice of appeal must be filed within 30 days after the date of entry of that order. Pa.R.A.P. 903(a); *First Seneca Bank v. Sunseri,* 449 Pa.Super. 566, 576, 674 A.2d 1080, 1084, *appeal denied,* 546 Pa. 655, 684 A.2d 557 (1996). This Court is without jurisdiction to excuse a failure to file a timely notice, as the 30–day period must be strictly construed. *In re Greist,* 431 Pa.Super. 188, 191, 636 A.2d 193, 195 (1994). Further, we note that an untimely appeal divests this Court of jurisdiction. *Brown v. Brown,* 433 Pa.Super. 577, 579, 641 A.2d 610, 611, *appeal denied,* 538 Pa. 660, 648 A.2d 790 (1994).

Although the entry of a final order triggers the 30–day appeal period, this period may be tolled if the trial court expressly grants a motion for reconsideration. Pa. R.A.P. 1701(b)(3). Generally, either the lapse of 30 days beyond the date of entry of an original order, or the filing of a notice of appeal will vitiate the jurisdiction of the trial court to modify, alter, or otherwise proceed further in the matter. Pa.R.A.P. 1701(a); *In re Deed of Trust of McCargo,* 438 Pa.Super. 570, 585, 652 A.2d 1330, 1337 (1994), *appeal denied,* 543 Pa. 693, 670 A.2d 141 (1995). Rule 1701, however, allows the trial court to view its order for up to thirty days, even after an appeal has been filed, if a party files a petition for reconsideration within the 30–day appeal period and the trial court files an order "expressly granting" reconsideration within the same period. Pa.R.A.P. 1701(b)(3)(i), (ii).

■ The mere filing of a motion for reconsideration, however, is insufficient to toll the appeal period. *Moore v. Moore,* 535 Pa. 18, 26, 634 A.2d 163, 167 (1993). Rule 1701 is very clear: the 30–day appeal period is tolled only by a timely order "expressly granting" reconsideration; the establishment of a briefing schedule, hearing date, or issuance of a rule to show cause does not suffice. *Valentine v. Wroten,* 397 Pa.Super. 526, 528, 580 A.2d 757, 758 (1990), *appeal denied,* 527 Pa. 650, 593 A.2d 422 (1991); *Schoff v. Richter,* 386 Pa.Super. 289, 291, 562 A.2d 912, 913 (1989). If a trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the petition and the original order. *Schoff,* 386 Pa.Super. at 291, 562 A.2d at 913; *Leonard v. Andersen Corp.,* 300 Pa.Super. 22, 26, 445 A.2d 1279, 1281 (1982). Therefore, as the comment to Pa.R.A.P. 1701 explains, although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition. The comment states:

> [Rule 1701](b)(3) is intended to handle the troublesome question of the effect of application for reconsideration on the appeal process. . . . The better procedure under this rule will be for a party seeking reconsideration to file an application for reconsideration below and a notice of appeal, etc. If the application lacks merit the trial court . . . may deny [it] by the entry of an order to that effect or by inaction. The prior appeal paper will remain in effect, and appeal will have been taken without the necessity to watch the calendar for the running of the appeal period.

Pa.R.A.P. 1701, Note.

■ In the instant case, the trial court entered a final, appealable Order on June 23, 1995, granting Rib–It's Petition to Intervene, Stay and Set Aside the Writ of Execution. VFCA did not file an appeal from this Order, and, instead, chose only to file a petition for reconsideration on July 18, 1995. Although the trial court set a hearing date and ordered the submission of briefs, it failed to "expressly grant" VFCA's petition for reconsideration within the 30–day appeal period following the June 23 Order. In fact, it was not until August 28, 1995, over one month after the

appeal period had lapsed, that the trial court acted on VFCA's petition by entering a denial Order. Since the trial court failed to expressly grant reconsideration within the 30 days, the appeal period was not tolled, and, as a result, the trial court was deprived of jurisdiction both to act upon the petition for reconsideration, and/or to alter, modify, or amend the original June 23 Order.

Thus, the lack of jurisdiction renders the August 28 Order denying VFCA's petition for reconsideration a nullity, as the trial court did not have the power to enter it, and VFCA's instant appeal from this nugatory Order is improper.[2] Further, because VFCA failed to file a timely notice of appeal from the June 23 Order, thereby preserving its appellate rights, we are without jurisdiction, and, therefore, compelled to quash this appeal as improper and untimely.

Appeal quashed.[3]

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting:

The Majority holds that we have no jurisdiction and must therefore quash this appeal. Because I disagree, and conclude that we do have jurisdiction over this appeal and also conclude that the second half of the order from which this appeal has been brought, namely, the August 28, 1995 order, should be reversed, I dissent.

If the August 28, 1995 order did nothing more than deny reconsideration of a previous order, I could join my esteemed colleagues. However, the order here under review does not stop at denying reconsideration. It goes on to order and direct the defendant to take a future action which, after analysis, is not authorized by law. I cannot agree that we are without jurisdiction to examine that new directive that goes beyond the original order of June 23, 1995.

The order that is before this Court on this appeal sets forth in its entirety:

AND NOW, this <u>28</u> day of August, 1995, plaintiff's petition for reconsideration of the Order dated June 23, 1995, granting defendant's petition to intervene, stay and set aside the writ of execution is **denied**. AND FURTHER, defendant is hereby ordered to file an amended petition, in compliance with Pa.R.C.P. No. 2328(a), within <u>15</u> days of the date of this Order.

BY THE COURT:

s/ William W. Lipsitt

William W. Lipsitt, Senior Judge

Order, entered August 28, 1995. The Majority begins its Opinion by asserting that we have no jurisdiction. Maj. Op. at 243. I disagree.

This Court has jurisdiction over appeals filed within thirty days of the entry of an order by the court of common pleas. 42 Pa.C.S. § 742; Pa.R.A.P. 903(a). In this case, Valley Forge Center Associates ("Valley Forge") appealed from the August 28 order on September 21, 1995, which is within thirty days of that order's entry. Notice of Appeal, Docket Entry No. 14. The Majority cites no statute or rule that divests us of jurisdiction from a timely filed appeal, such as this. Nowhere in its Opinion does the Majority state why the order of August 28, 1995 is not appealable.

The Majority's conclusion that we lack jurisdiction results from an analysis devoted entirely to the order entered on June 23,

---

**2.** We note that, even if the August 28 Order denying reconsideration was valid, VFCA's appeal from this denial would have been improper. *See Provident Nat'l Bank v. Rooklin,* 250 Pa.Super. 194, 378 A.2d 893 (1977) (holding order denying petition for reconsideration unappealable, therefore, it is of no consequence that appeal was taken 30 days from denial order; consequence that appeal was taken 30 days from denial order; although grant of reconsideration may toll appeal period, to preserve appellate rights, timely appeal must be taken from original final order).

**3.** Although not directly related to this appeal, we note that Rib–It pursued a separate appeal from the order of the Common Pleas Court of Montgomery County denying its petition to open the confessed judgment entered by VFCA. This Court affirmed the order in *Valley Forge Center Assoc. v. Rib–It/K.P., Inc.,* 451 Pa.Super. 669, 679 A.2d 860 (1996).

We stress that, in the instant case, we address only the propriety of an appeal from the order denying reconsideration of an order staying and setting aside the writ of execution on Rib–It's liquor license. We do not address the validity of either the underlying judgment or writs of execution issued upon other Rib–It property.

1995. Valley Forge, however, has not appealed from that order; therefore, the appealability of that order is not dispositive on the question of whether we have jurisdiction in this case. The sole question relevant to our jurisdiction is whether the appeal from the August 28 order was timely. The Majority's analysis, therefore, is driven by the faulty premise that the order of June 23 controls our jurisdiction over an appeal taken from the August 28 order. Because the appeal was timely, and because the order contains matter not previously ruled upon by the trial court, I would hold that the order is appealable and we have jurisdiction over this appeal.

I agree that Rule of Appellate Procedure 1701(b)(3) bars us from reviewing the first half of the August 28 order, which denied Valley Forge's motion to reconsider the order of June 23. *Schoff v. Richter,* 386 Pa.Super. 289, 291, 562 A.2d 912, 913 (1989) (quashing appeal from order that trial court lacked authority to enter under Rule 1701(b)(3)); *accord Provident Nat'l Bank v. Rooklin,* 250 Pa.Super. 194, 202, 378 A.2d 893, 897 (1977) ("Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider ... a final decree is not reviewable on appeal."). There are, however, two parts to the August 28 order. While the Majority has ignored the second half of that order, I conclude that we must analyze each half of that order separately, as though each half was a freestanding order. *See Sanders v. Sanders,* 384 Pa.Super. 311, 315–16, 558 A.2d 556, 558 (1989).

Before reaching the merits, I note that Rule 1701(b)(3) does not affect our authority to review the second half of the August 28 order. Rule 1701(b)(3) governs only the effect of an application for reconsideration on the appellate process. Pa.R.A.P. 1701, Note. The second half of the August 28 order, however, directed the defendant to file an amended petition; that portion of the order was unrelated to and separate from the denial of Valley Forge's motion for reconsideration. Order, August 28, 1995. Thus, Rule 1701(b)(3) does not bar us from reviewing the second part of the August 28 order.

On the merits, I conclude that the trial court clearly erred by directing the defendant to file an amended petition to intervene. Order, August 28, 1995. The original petition to intervene was filed by the defendant, Rib–It/K.P., Inc. ("Rib–It"), and not by First Fidelity Bank, N.A. ("First Fidelity"). Pa. R.C.P. 2327 provides, in pertinent part, that "[a]t any time during the pendency of an action, a person *not a party thereto* shall be permitted to intervene therein ...." (emphasis added). Because Rib–It already was a party to the action in its capacity as defendant, it could not properly file a petition to intervene. *See* Pa.R.C.P. 2327.

If, however, the court was referring to First Fidelity when it ordered the "defendant" to file an amended petition—as my review of the record seems to indicate—then the court's order violated the Pennsylvania Rules of Civil Procedure. Rule 2328(a) states that "[a]pplication for leave to intervene *shall be made by a petition* ...." Pa. R.C.P. 2328(a). Again, Rule 2327 provides that the petition must be filed by "a person not a party" to the action. Pa.R.C.P. 2327. The only petition to intervene that was filed prior to the August 28 order was filed by the defendant, Rib–It. Docket Entry No. 3. Because that petition was filed by a party to the action, rather than First Fidelity, it was an invalid vehicle to join First Fidelity as an intervenor. Pa.R.C.P. 2327. Although First Fidelity did file, on August 4, 1995, a brief that argued that it had a right to intervene, it did not file a petition for intervention until September 6, 1995—well after the August 28 order here under review. First Fidelity, therefore, could not properly be ordered to file an "amended" petition to intervene because it had never filed an original petition to intervene. To the extent that the order was intended to correct the original error of erroneously granting the stay and setting aside the writ of execution, it clearly constitutes a new action by the trial court and is reviewable.

My colleagues seemingly believe that this Court is without jurisdiction to review the August 28, 1995 order because an appeal had not been taken from the June 23, 1995 order. In effect, the Majority would leave Valley

Forge without any recourse against a clearly erroneous order, even though an appeal was taken from that order within thirty days and contained matter which lies outside the motion for reconsideration. Valley Forge could not have anticipated that the trial court would attempt to cure the errors committed in entering the June 23 order by issuing an equally erroneous order on August 28. The Majority concludes that since no appeal was taken from the June 23 order, we are powerless to review and correct errors subsequently made. I cannot agree. I would reverse that portion of the August 28 order directing the defendant to file an amended petition for intervention and remand for further proceedings consistent with this analysis.

Because I conclude that we have jurisdiction over this appeal and that we should reverse the second half of the August 28 order, I respectfully dissent.