J-S05002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BENEDICT F. DIAZ, JR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICIA AIKEN, ROBERT AIKEN AND WEICHERT REALTORS, | |
| Appellants | No. 1087 MDA 2016 |

Appeal from the Order Entered June 3, 2016
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2015-1304

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 21, 2017**

Appellants, Patricia Aiken, Robert Aiken and Weichert Realtors, appeal from the trial court's order overruling their preliminary objections, which asserted, *inter alia*, that the trial court must dismiss Appellee's, Benedict F. Diaz, Jr., complaint filed in the Court of Common Pleas of Susquehanna County because of a binding arbitration clause allegedly present in a contract between the parties.  For the reasons herein, we quash this appeal as untimely.

The trial court summarized the factual background and procedural history of this case as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Appellants], Patricia Aiken and Robert Aiken, Weichert Realtors Across Country Associates, filed an appeal to the Pennsylvania Superior Court, appealing our order of June 3, 2016, wherein we overruled [Appellants'] … Preliminary Objections[,] filed [on] January 4, 2016. We further ordered [Appellants] to file an answer to [Appellee's] Complaint within thirty (30) days of the order date.

In the preliminary objections, [Appellants] alleged that the Court of Common Pleas was without jurisdiction in that a written contract, alleged to be between the parties, contained a clause providing for mandatory binding arbitration for the resolution of all disputes arising between the parties.

[Appellants] attached to their preliminary objections a written document of six pages, [which] they purported to be a copy of a written contract between the parties. We, in determining [Appellants'] Preliminary Objections[,] reviewed the said writing and found that although the writing was signed by [Appellee], Benedict F. Diaz, it was not executed by any authorized agent or principal of Weichert Realtors Across America Associates. Further the same written document contained numerous blank spaces, including but not limited to fees the broker would pay the sales associates for sales, rental and[/]or purchase of real property.

Thus, absent any proof otherwise, we cannot accept that the writing attached to [Appellants'] Preliminary Objections was a written contract binding the parties, [Appellee] and [Appellants], in any respect[,] including binding arbitration.

Moreover, [Appellee's] Complaint alleges an oral contract entered into by [Appellee] Diaz with the parties on or about June 6, 2012.

Trial Court's "Statement in Lieu of an Opinion Pursuant to Pa.R.A.P. 1925,"

9/21/2016, at 1-2 (unnumbered pages).

On appeal, Appellants raise the following issue for our review:

Whether the [t]rial [c]ourt erred as [a] matter of law and committed an abuse of discretion in refusing to dismiss [Appellee's] [c]omplaint when the allegations of record mandated the finding that the parties had agreed to arbitration

and the dispute between the parties fell within the scope of that arbitration clause?

Appellants' Brief at 3.

Preliminarily, we must consider the timeliness of Appellants' appeal, as it implicates our jurisdiction. *See Valley Forge Center Associates v. Rib-It/K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997) ("This Court is without jurisdiction to excuse a failure to file a timely notice, as the 30-day period must be strictly construed. [A]n untimely appeal divests this Court of jurisdiction.") (citations omitted). Appellee asserts that this appeal was filed "beyond the 30 day timeframe for filing such an appeal." Appellee's Brief at 7 (unnumbered pages).[1] Pennsylvania Rule of Appellate Procedure 903(a) sets forth that "the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

Here, the trial court entered its order overruling Appellants' preliminary objections on June 3, 2016. The thirtieth day after the entry of this order — which would ordinarily constitute the last day of the appeal period pursuant to Pa.R.A.P. 903(a) — fell on Sunday, July 3, 2016.[2]

_____

[1] We additionally note that this Court may raise jurisdictional issues *sua sponte*. *Valley Forge Center Associates*, 693 A.2d at 243 (citation omitted).

[2] *See* Pa.R.A.P. 107 ("Chapter 19 of Title 1 of the Pennsylvania Consolidated Statutes (rules of construction) so far as not inconsistent with any express provision of these rules, shall be applicable to the interpretation of these rules and all amendments hereto to the same extent as if these rules were enactments of the General Assembly."); *see also* 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, such period in all cases …
*(Footnote Continued Next Page)*

Because that was a Sunday, however, we must omit it from our computation of the appeal period.[3] Moreover, we also omit the next day, Monday, July 4, 2016, from our computation because it is a legal holiday.[4] Therefore, the last day of the thirty-day appeal period fell on Tuesday, July 5, 2016. Appellants did not file their notice of appeal until Wednesday, July 6, 2016. Thus, because this appeal was not filed within thirty days after the entry of the trial court's order overruling Appellants' preliminary objections from which they appeal, it is untimely. Accordingly, this Court lacks jurisdiction over this matter, and we are constrained to quash this appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2017

_(Footnote Continued)_ _____

shall be so computed as to exclude the first and include the last day of such period.").

[3] **See** Pa.R.A.P. 107, **supra**; **see also** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[4] **See** 5 U.S.C. § 6103(a) (declaring Independence Day, July 4, as a legal public holiday); 44 P.S. § 11 (designating the fourth of July as a holiday).