J-S38016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CUSTOMERS BANK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PHILIP A. REITNOUR AND EMERGENSEE, LLC, | |
| Appellants | No. 397 EDA 2017 |

Appeal from the Order Entered December 23, 2016
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2014-03537-JD

| | |
|---|---|
| CUSTOMERS BANK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMERGENSEE LLC F/K/A ANYTHING FOR SALE BY OWNER.COM LLC, PHILIP A. REITNOUR AND REITNOUR INVESTMENT PROPERTIES, LP, | |
| Appellants | No. 399 EDA 2017 |

Appeal from the Order Entered December 23, 2016
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2014-03535-JD

| | |
|---|---|
| CUSTOMERS BANK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PHILIP A. REITNOUR, EMERGENSEE U, INC. AND EMERGENSEE, LLC, | |

|  | | |
|---|---|---|
| Appellants | | No. 416 EDA 2017 |

Appeal from the Order Entered December 23, 2016
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2014-03538-JD

BEFORE:  GANTMAN, P.J., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 25, 2017**

In this consolidated appeal,[1] Philip A. Reitnour and Emergensee, LLC, Appellants at 397 EDA 2017, Emergensee LLC, formerly known as Anything for Sale by Owner.com LLC, Philip A. Reitnour, and Reitnour Investment Properties, LP, Appellants at 399 EDA 2017, and Philip A. Reitnour, Emergensee U, Inc., and Emergensee, LLC, Appellants at 416 EDA 2017,[2] appeal from the orders entered on December 23, 2016, that granted in part and denied in part a petition to set aside Appellee's, Customers Bank ("the Bank"), writs of execution.  After careful review, we are constrained to quash the appeal.

_____

[*]  Former Justice specially assigned to the Superior Court.

[1]  On February 27, 2017, this Court concluded that the appeals filed at 397 EDA 2017, 399 EDA 2017, and 416 EDA 2017 involved related issues and parties, and we consolidated the appeals *sua sponte* pursuant to Pa.R.A.P. 513.

[2]  Philip A. Reitnour, Emergensee, LLC, formerly known as Anything for Sale by Owner.com LLC, Reitnour Investment Properties, LP, and Emergensee U, Inc., collectively shall be referred to as "Appellants" throughout our Memorandum.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> This action is rooted in four loan transactions as far back as 2001 through 2012. The loans were as follows:
>
> - $400,00[0] loan (Loan Number 5992161) from Bank to Phillip A. Reitnour and Kathleen Reitnour (now deceased) dated December 26, 2001, and secured by a mortgage on the borrowers' primary residence located at 1620 Minden Lane, Malvern, Pa. ("**161 Loan**");
>
> - $600,000 loan (Loan Number 5283411) from Bank to Anything for Sale by Owner.com, LLC dated August 1, 2008 secured by commercial guarantees provided by Phillip A. Reitnour and Reitnour Investment Properties LP ("RI Properties") as well as a mortgage on real property located at 8221 First Avenue, Stone Harbor, New Jersey ("**411 Loan**");
>
> - $850,000 loan (Loan Number 5704011[]) from Bank to Phillip A. Reitnour dated November 29, 2011 secured by commercial guarantees of EmergenSee, LLC and filed UCC-1 on the assets of EmergenSee, LLC ("**011 Loan**");
>
> - $752,935.50 loan (Loan Number 5869427) from Bank to Phillip A. Reitnour dated September 6, 2012 secured by commercial guarantees of EmergenSee, LLC and EmergenSee U, Inc. as well as the assets [o]f the respective guarantors and mortgages on real property located at (a) 8221 First Avenue, Stone Harbor, New Jersey; (b) 1620 Minden Lane, Malvern, Pa.; and (c) 1260 Valley Forge Road, Phoenixville, Pa. ("**427 Loan**").
>
> Appellants defaulted on the loans and, as a result, the parties entered into a Forbearance Agreement dated September 16, 2013. The terms of the Forbearance Agreement, *inter alia*, extended the maturity date of the loans until February 1, 2014. February 1 came and went without Appellants paying off the loans as agreed. Thereafter, Bank declared default and

demanded payment in full.  On April 21, 2014, Bank entered the following three separate judgments by confession:

- *Customers Bank v. Anything for Sale by Owner.com LLC, et al.* No. 2014-03535-JD against Anything for Sale by Owner.Com, LLC, Philip A. Reitnour, and Reitnour Investment Properties, LP for the amount of $634,788.59 based upon the 411 Loan;

- *Customers Bank v. Philip A. Reitnour, et al.* No. 2014-03537-JD against Philip A. Reitnour and EmergenSee, LLC (successor by name change of Anything for Sale by Owner.Com, LLC), for the amount of $733,493.88 based on the 011 Loan;

- *Customers Bank v. Philip A. Reitnour et al.* No. 2014-03538-JD against Philip A. Reitnour, EmergenSee U, Inc., and EmergenSee, LLC for the amount of $875,264.63 based upon the 427 Loan.

On May 20, 2014, Appellants filed petitions to strike and/or open the Confessed Judgments, challenging the Bank's ability to confess judgments.  Prior to the adjudication of the petitions, the Bank and the Appellants entered into a Settlement Agreement on or about December 11, 2014.  The Settlement Agreement established Appellants' indebtedness under the 411 Loan, 011 Loan, 427 Loan as well as a certain Loan Number 5992161 ("161 Loan") through December 1, 2014 in the amount of $2,569,422.94.  The Bank did not confess judgment upon the 161 Loan by virtue of the fact that it was a consumer loan which did not contain a warrant of attorney provision.  See, *Appellants' Petition to Set Aside Writ of Execution and/or Stay Execution at Exhibit D.*  The Settlement Agreement further provided that the Bank shall "standstill" with respect to its efforts to recover and/or collect the total amount of indebtedness.  *Id*.  Thus, the Bank agreed to "undertake no execution, garnishment, foreclosure, or other remedy...."  Finally, the Settlement Agreement provided that all loan documents and the forbearance agreement were ratified and confirmed.  *Id*.

Under the Settlement Agreement, Appellants paid the Bank $500,000.00 before December 31, 2014.  *Id*. at Exhibit F. According to Bank, this payment was applied to the 011 Loan. Pursuant to the terms of the Settlement Agreement, Appellants

were required to pay the remaining balance of the total indebtedness before March 31, 2015. Appellants failed to do so, thereby breaching the Settlement Agreement. As a result of Appellants' breach, the Bank was no longer obligated to "standstill" with regard to its execution of the confessed judgments.

In addition to securing the three confessed judgments, the Bank instituted a foreclosure action in the New Jersey Superior Court, Chancery Division, captioned *Customers Bank f/k/a New Century Bank v. Reitnour Investment Properties, LP et al.* Docket No. F-31832-14 (N.J. Sup. Ch.Div., Cape May Cnty.) ("the Foreclosure Action") on August 4, 2014. The Foreclosure Action was based upon the mortgage securing the 411 Loan. On December 31, 2014, the New Jersey Court issued a default Final Judgment in Foreclosure against Reitnour Investment Properties, entitling the Bank to $559,050.09 under the terms of the 411 Loan and Mortgage. The Bank did not appeal.

On August 3, 2015, Appellants sent a payoff check to Bank in the amount of $641,888.44, which was accepted. Appellants contend that the check was intended to pay off the 411 Loan; however, under the terms of the Settlement Agreement, the Bank was entitled to apply payments as it deemed appropriate. The Bank did not apply such funds to the 411 Loan nor did it mark the Foreclosure Judgment satisfied. Appellants sought relief from the Final Judgment in Foreclosure in the NJ Court. The NJ Court granted Appellants[] relief after a year of litigation and found that the Bank was only entitled to receive $559,050.09 on the day the judgment was issued, and with interest, the amount increased to $612,912.31 as of August 3, 2015. The NJ Court also found that the Foreclosure Judgment was satisfied by virtue of the August 3, 2015 payment in the amount of $641,888.44, which was $28,976.13 more than Bank was entitled. Appellants assert that this NJ Court decision determining the value of the *in rem* portion of the 411 Loan has a preclusive effect on any order by this Court.

Appellants additionally submitted a payoff check which was purported to satisfy the 011 Loan in the amount of $277,396.11. According to Bank, these funds were applied either to the 411 Loan or 427 Loan. Mr. Reitnour, at some point, filed for bankruptcy. Pursuant to a stipulation between the Bank and Mr. Reitnour, Mr. Reitnour issued four (4) payments of

$3,000.00 each to the Bank to be applied to Appellants' purported indebtedness. As a result of Appellants' payments to Bank, the aggregate amount of payments made was $1,431,284.55.

Notably, by Orders dated April 15, 2015, upon consideration of a Stipulation submitted by the parties, this Court affirmed the Confessed Judgments in the amounts of $634,788.59 (No. 2014-03535), $733,493.88 (No. 2014-03537) and $875,264.63 (No. 2014-03538) in favor of Bank and against Appellants. The Orders further stated that all of Appellants' defenses to the Judgments were dismissed/withdrawn with prejudice.

Three of the four praecipes were defective because they did not contain the words "Confessed Judgment" immediately below the title as required by Pa.R.C.P. 2957(b). The praecipe issued in No. 2014-03535 asserted an amount due under the 411 Confessed Judgment that was $637,788.59 - $3,000 more than the facial amount of the 411 Confessed Judgment. For these reasons, this Court granted Appellants' request to strike three of the four praecipes at issue for procedural defects [on December 23, 2016].

Trial Court Opinion, 2/16/17, at 3-7.

On January 6, 2017, Appellants filed motions for reconsideration. However, before the trial court ruled on the motions for reconsideration, Appellants appealed to this Court. Both the trial court and Appellants complied with Pa.R.A.P. 1925.

On appeal, Appellants present the following issues for this Court's consideration:

A. May [the Bank] execute on the three (3) confessed judgments issued in the matters below subject to this appeal (collectively, the "**Confessed Judgments**") after the parties entered into a settlement agreement, resolving all of their disputes related to the Confessed Judgments and the purported underlying indebtedness?

- 6 -

B. Should the judgment by confession (the "**535 Judgment**") issued in the matter below captioned *Customers Bank v. Anything for Sale by Owner.com LLC et al.* No. 2014-03535-JD (the "**535 Matter**") be marked "satisfied" as a result of the determination made by New Jersey Superior Court, Chancery Division (the "NJ Court") in the matter captioned *Customers Bank f/k/a/ New Century Bank v. Reitnour Investment Properties LP et al.*, Docket No. F-31832-14 (N.J. Sup., Ch. Div., Cape May Cnty.) (the "**Foreclosure Action**") that the judgment in foreclosure on the mortgage securing the same indebtedness underlying the 535 Judgment (the "**Foreclosure Judgment**") was satisfied?

C. Should the Bank be permitted to execute on the three (3) Confessed Judgments for the full amount of the Confessed Judgments even after it received substantial payments toward the purported underlying indebtedness?

D. Should the writ of execution issued in the matter captioned *Customers Bank v. Philip A. Reitnour et al.*, No. 2014-03538-JD (the "**538 Matter**") on which the Bank attempted to execute on Philip A. Reitnour's personal residence (the "**Act 6 Writ**") be set aside because the Act 6 Writ[:] 1) was secured by the Bank in violation of 41 P.S. § 407(a), and 2) the praecipe for writ of execution pursuant to which the Bank secured the Act 6 Writ (the "**Act 6 Praecipe**") did not comply with Pa. R.C.P. No. 2957(b)?

E. Are the Appellants who were defendants in the 538 Matter (the "**538 Matter Defendants**") entitled to recover statutory reasonable attorney fees under 41 P.S. § 407(b)?

Appellants' Brief at 3-4 (emphases in original).

Before we may address the merits of this appeal, we must determine if this matter is properly before our Court. Specifically, we must decide if the December 23, 2016 orders were final and appealable.

> Generally, "'a determinative order relating to execution is in character a judgment, which, when of final nature, is appealable.'" *Cherry v. Empire Mutual Ins. Co.*, 417 Pa. 7, 10, 208 A.2d 470, 471 (1965)(quoting *In re Opening of Parkway*,

- 7 -

267 Pa. 219, 225, 110 A. 144, 146 (1920)). Typically, an order staying execution is deemed interlocutory, and, therefore, unappealable because it is granted to maintain the status quo pending the further disposition of other court proceedings or investigations. Goodrich-Amram § 3121(c):5 at 246. **See Cherry**, 417 Pa. at 12, 208 A.2d at 472 (holding order staying execution interlocutory as it stayed execution "until further order" to permit interested party to enter appearance before court made final determination); **Jenkintown National Bank v. T.L. Fulmor**, 124 Pa. 337, 17 A. 2 (1889) (holding interlocutory a stay of execution since it was ordered merely to allow for further investigation of an issue before the court). An order staying execution becomes final and appealable, however, if granted for an indefinite duration. **Cherry**, 417 Pa. at 11, 208 A.2d at 471; **National Council of Junior Order of United American Mechanics of U.S. v. Roberson**, 214 Pa.Super. 9, 16, 248 A.2d 861, 865 (1969). Therefore, the finality and appealability of a stay order depends either upon the duration of the order or the reason for which it was entered. **Cherry**, 417 Pa. at 11, 208 A.2d at 471.56

Alternatively, an order setting aside a writ of execution is a permanent remedy and constitutes a more drastic form of relief from execution. Goodrich-Amram § 3121(d):1 at 247. Accordingly, an order setting aside a writ is generally a final order subject to immediate appeal. Goodrich-Amram § 3121(d):6 at 251; **Cherry**, 417 Pa. at 12, 208 A.2d at 472. Cf. **Rodgers v. Yodock**, 309 Pa.Super. 154, 454 A.2d 1129 (1983) (holding unappealable order which "set aside" writ of execution since, by its terms, was not meant to be in effect for more than thirty days). Therefore, to determine whether an order staying or setting aside a writ is final and appealable, we must examine the language of the order itself. **Rodgers**, 309 Pa.Super. at 157, 454 A.2d at 1131.

**Valley Forge Center Associates v. Rib-It/K.P., Inc.**, 693 A.2d 242, 244

(Pa. Super. 1997).

Here, the trial court's orders maintained the *status quo* only until the

Bank refiled its *praecipes* for writs of execution that complied with the Rules

of Civil Procedure. There was no permanency; rather, the nature of the

orders was temporary and rendered the orders interlocutory and, at this juncture, unappealable.[3] *See Valley Forge Center Associates*, *supra*. Accordingly, we quash the appeal.

Appeal quashed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: 9/25/2017

---

[3] On February 15, 2017, this Court issued a Rule to Show Cause why this appeal should not be quashed because the December 23, 2016 orders appeared to be interlocutory. In their response to this Court's Rule, Appellants asserted that the orders are final because all that has to be done, as a practical matter, is to refile the *praecipes* for writs of execution. Appellants deem this purely a "ministerial" act. Appellant's Response to Rule to Show Cause, 2/22/17, at 7. However, as explained above, we are required to look at the language of the order itself, *Valley Forge Center Associates v. Rib-It/K.P., Inc.*, 693 A.2d 242, 244 (Pa. Super. 1997), not the ease with which contingencies in the order may be satisfied. Indeed, the orders at issue require the Bank to refile the *praecipes* for writs of execution, and upon successful completion of this refiling, the orders will be final. When that refiling occurs, Appellants may pursue an appeal.