J-S81011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANN M. PINSLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN PINSLER | : | No. 983 MDA 2017 |

Appeal from the Order Entered May 17, 2017
In the Court of Common Pleas of Lebanon County
Civil Division at No(s):  2016-01652

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 15, 2018**

Ann M. Pinsler ("Appellant") appeals from the order entered in the Lebanon County Court of Common Pleas, which quashed her writ of execution and garnishment. We reverse and remand.

In 2015, Patricia M. Pinsler ("Decedent") died testate. Appellee, Steven Pinsler, is a named beneficiary under Decedent's will. After learning of Appellee's beneficiary status under the will, Appellant filed a praecipe to file a foreign child support judgment against Appellee with the Lebanon County Prothonotary. Subsequently, on February 17, 2017, Appellant filed and served a praecipe to issue a writ of execution against Appellee's proceeds under the will. The writ named the Estate of Decedent (the "Estate"), Jeffrey S. Pinsler (the "Executor"), the Executor of the Estate of Decedent, and Charles A. Ritchie, Jr., Esquire, the counsel of record for the Estate of Decedent, as garnishees.

_____
* Retired Senior Judge assigned to the Superior Court.

On April 13, 2017, Attorney Ritchie, acting on behalf of the Estate of Decedent, filed a motion to quash the writ of execution and garnishment. Through the motion, the Estate claimed that the trial court should quash the writ because Appellant did not properly serve a copy of the writ on the Executor, complying with the writ would force the Executor to breach his fiduciary duties, and because the Estate believed that the writ was untimely filed. However, the Estate's motion did not any include averments of fact to support these claims.

The trial court issued a rule to show cause why the Estate's motion should not be granted. Appellant did not file a timely response to the trial court's rule. Therefore, on May 17, 2017, the trial court granted the Estate's petition to make the rule absolute, and quashed Appellant's writ. Appellant subsequently filed an answer to the motion to quash, as well as a motion for reconsideration of the trial court's order quashing Appellant's writ, which the court never addressed. This timely appeal follows.[1]

On appeal, Appellant raises a number of issues, but we will address just one:

> Was it an abuse of discretion for the Trial court to quash the writ upon averments of conclusions of law when Rule 206.7 does not allow the granting of relief upon conclusions of law but only upon well pleaded facts?

---

[1] As the motion for reconsideration did not toll Appellant's appeal period, *see*, *e.g.*, *Valley Forge Center Assoc. v. Rib-It/K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997), Appellant was required to file her notice of appeal prior to the disposition of her motion for reconsideration, *see* Pa.R.A.P. 903(a).

Appellant's Brief, at 4.

Appellant first contends that the trial court abused its discretion by granting the Estate's motion to quash in contravention of the mandates of Pa.R.C.P. 206.7. "The interpretation and application of a Pennsylvania Rule of Civil Procedure presents a question of law. Accordingly, to the extent that we are required to interpret a rule of civil procedure, our standard of review is de novo, and our scope of review if plenary." ***Gary v. Buonopane***, 53 A.3d 829, 834 (Pa. Super. 2012) (internal citations, brackets, and quotation marks omitted).

Appellant asserts that Rule 206.7 does not empower a trial court to grant a motion consisting of unsupported conclusions of law based upon a failure to file a timely response to the rule to show cause. Conversely, the Estate claims that Appellant's failure to respond to the rule provided the proper legal basis for the trial court's order quashing Appellant's writ pursuant to the application of Lebanon County Rules of Civil Procedure 52-205.8.

The resolution of this matter depends upon the interplay of both Pennsylvania Rules of Civil Procedure and Lebanon County's Rules of Civil Procedure.

Rules 206.4 – 208.4 of the Rules of Civil Procedure govern civil motion practice in Pennsylvania. With a few exclusions noted, courts consider any "application to the court for an order made in any civil action or proceeding" a civil motion. Pa.R.C.P. 208.1(a). However, before being considered by a court, a motion must meet certain form and content requirements. ***See***

Pa.R.C.P. 208.2. Specifically, a motion is required to include a caption, numbered paragraphs, a certificate of service, a statement of the relief requested, allegations of material facts supporting the grounds for relief sought, and be signed and endorsed. *See* Pa.R.C.P. 208.2(a)(1)-(5). Once a motion meeting these requirements is filed, the trial court, as a default, will consider the motion without written responses or briefs. *See* Pa.R.C.P. 208.3(a). However, the Courts of Common Pleas are permitted to adopt a local rule that modifies the default. *See* Pa.R.C.P. 208.3(b).

The Court of Common Pleas of Lebanon County modified that default by providing that all motions, which have not been certified uncontested, must be accompanied by a rule to show cause substantially in compliance with Pennsylvania Rule of Civil Procedure 208.4. *See* Leb.Co.R.C.P. 52-208.3(a)(D). Rule 208.4 provides a form for a proposed rule to show cause, and also provides that in the event a trial court issues a rule to show cause, the parties must proceed pursuant to Pennsylvania Rule of Civil Procedure 206.7. *See* Pa.R.C.P. 208.4(b)(1), (2). This rule provides "[i]f an answer [to the rule to show cause] is not filed, all averments of fact in the petition may be deemed admitted for the purposes of this subdivision and the court shall enter an appropriate order." Pa.R.C.P. 206.7(a).

In an attempt to expand upon the procedures a moving party must follow in order to obtain relief in the situation described under Rule 206.7(a), the Lebanon County Court of Common Pleas adopted local rule 52-205.8. This rule provides that

- 4 -

[w]hen the [c]ourt has issued Rule to Show Cause and no party files a response within the time allotted by the [c]ourt, the petition or motion that accompanied the Rule to Show Cause shall be deemed uncontested. The moving party may obtain an Order granting final relief by filing a Motion for Rule Absolute. All Motions for Rule Absolute shall append copies of all Certificates of Service averring that all opposing parties had been served with copies of the original petition and any Rule to Show Cause issued by the Court. A Motion for Rule Absolute must be accompanied by a proposed Order setting forth the relief that was uncontested.

Leb.Co.R.C.P. 52-205.8.

Here, Appellant clearly failed to file a timely response to the trial court's rule to show cause. The Estate filed a motion for rule absolute in accordance with local rule 52-205.8. After concluding that the Estate's motion was deemed uncontested by Appellant's failure to respond to the rule, the trial court granted the Estate's motion for a rule absolute and quashed Appellant's writ of execution. However, in granting this motion, the trial court failed to recognize that even uncontested, the contents of the Estate's motion were insufficient to justify granting the Estate's motion to quash.

As highlighted by Appellant, Pennsylvania Rule of Civil Procedure 206.7 provides that if a party fails to file a timely response to a rule to show cause, all underlying averments of *fact* in the motion shall be deemed admitted. ***See*** Pa.R.C.P. 206.7(a). The allegations contained in the Estate's motion are merely conclusions of law, which are not supported by *any* allegations of fact. Further, a review of the record in the matter confirms that the Estate would have been unable to support their conclusions with factual allegations. Without

any underlying allegations of fact, the trial court should not have considered the Estate's motion in the first instance, let alone proceeded with the rule to show cause and the motion to make the rule absolute. *See* Pa.R.C.P. 208.2(a)(3). We therefore reverse[2] and remand for further proceedings.[3]

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/18

---

[2] As we have determined that the trial court erred in granting the motion to quash, we need not reach the merits of Appellant's final five issues on appeal.

[3] In its Rule 1925(a) opinion, the trial court concludes it was improper for the Estate to file the motion to quash the writ of execution, and appears to infer that it should have granted Appellant's motion for reconsideration. *See* Trial Court's 1925(a) Opinion, 8/16/17, at 4-5. However, due to the fragmented state of the trial court opinion we were unable to conclude that the trial court believed it erred by failing to grant the motion for reconsideration.