J-S66016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.L., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| S.L., | : | |
| | : | |
| Appellant | : | No. 768 MDA 2014 |

Appeal from the Order Entered April 1, 2014,
In the Court of Common Pleas of Lackawanna County,
Civil Division, at No. 07-FC0-040839.

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:          **FILED NOVEMBER 24, 2014**

S.L. ("Father") appeals *pro se* from the April 1, 2014 order, which, *inter alia*, denied his petition for reconsideration of the January 24, 2014 custody order of the Lackawanna County Court of Common Pleas.  We affirm.

Father and L.L. ("Mother") had two sons:  M.L., born in March 1996 and T.L., born in June 1998 (collectively, "the Children").  The January 24, 2014 order found Father in contempt of the trial court's October 10, 2013 custody order and awarded Mother sole legal custody of the Children pursuant to a provision in the October 10, 2013 order.  In addition to denying Father's reconsideration petition, the April 1, 2014 order also provided that T.L. "shall not be prohibited from seeking mental health

treatment as he is permitted under 35 P.S. § 10101.1; however, due to concerns of alienation and undue influence[, T.L.] shall only seek [mental health] treatment during [M]other's periods of physical custody," as the January 24, 2014 order gave Mother sole legal custody of T.L.[1] The April 1, 2014 order also denied Father's "Petition to Recuse Guardian [*ad litem*]" ("GAL").

The trial court set forth the factual background and procedural history of this appeal as follows:

> This case involves a high-conflict custody dispute over the parties' two (2) sons:  M.L., date of birth March . . . 1996, and T.L., date of birth June . . . 1998.  The matter is before the Court on Father's Petition for Reconsideration of this Court's Order dated January 24, 2014 and Father's Petition to Recuse the Guardian ad Litem, both filed February 18, 2014.  A review of the file in this matter clearly evidences a long history of conflict dating back to the initial Custody Conciliation Conference on September 9, 2008.

> This case dates back to July 6, 2007, when L.L. ("Mother") filed a Complaint in Divorce against S.L. ("Father").[2]  The parties attended a Conciliation Conference on September 9, 2008, where it appears from the record that the parties originally agreed to resolve their issues through mediation, which was reflected in this trial Court's September 10, 2009 Order.  That same day an Order was issued whereby Danielle Ross, Esq. was appointed as Guardian ad Litem ("GAL") for the minor children.[3]  The parties have enjoyed joint legal custody from the beginning of the case.

---

[1]  The trial court noted that M.L. attained the age of eighteen between the issuances of the January 24, 2014 order and the April 1, 2014 order.  Trial Court Opinion, 8/6/14, at 1 n.1.  Thus, in the April 1, 2014 order, the trial court ruled that Father's petition for reconsideration was moot as to M.L. Therefore, we will confine our discussion in this matter to T.L.

[2] As of the writing of this Opinion, a Divorce Decree has not been entered.

[3] The record indicates that identical Orders to the two (2) Orders entered on September 10, 2009, regarding mediation and the appointment of the GAL, were entered on October 17, 2009.

On January 30, 2009, the GAL filed a report indicating that the parties had agreed to attend parental coordination sessions with Ann Marie Termini, a family court therapist. An Order was issued on February 9, 2009 requiring the parties to attend the above-mentioned sessions. Unfortunately, the parties never completed the parental coordination sessions because the parties were unsuccessfully discharged from the program. (H.T. 01/22/2014 at 48).

The file is replete with various petitions filed by the parties and memoranda filed by the GALs.[4] The GAL memorand[a] filed in this matter discuss the many occasions where parties have met with the GAL to resolve a wide array of issues. The GAL indicates that at least one of these sessions lasted two and a half hours. (05/16/2012 GAL Memo). A GAL memorandum filed on September 9, 2009 indicates that legal custody was an issue from the onset of this case. The GAL commented in her January 4, 2014 memorandum as to her doubt that ". . . Mother and Father will ever come to their own agreement and finality/ closure is needed in this case."

[4] The initial GAL, Danielle Ross, was replaced by Bonni Shelp, Esq., due to Ms. Ross's departure.

The instant petitions source back to this trial Court's Order dated October 10, 2013. Before the Court at that time were Mother's Petition for Review in Custody dated May 23, 2013, Father's Counter Petition dated July 9, 2013, and Father's Motion for Appointment of Counsel dated September 27, 2013. Upon consideration of the aforementioned custody petitions and motions, this Court ordered, inter alia, that:

"[Father] is precluded from unilaterally changing medical and/or mental health providers for the minor children without the consent of [Mother]. If it is found by the Court that [Father] has violated the provisions of legal custody in the future, [Mother] will be awarded sole legal custody of the minor children." (10/10/2013 Order).

On December 10, 2013, Mother filed a Petition for Contempt, alleging that Father violated the provisions of legal custody, namely changing healthcare providers for the minor children without consulting Mother. Mother's petition specifically reference[d] the October 10, 2013 Order and requested that the Court "Award [Mother], Sole Legal custody of the minor children, M.L. and T.L." (12/10/2013 Contempt Pet.). Father filed an Answer on January 15, 2014, and a hearing commenced on January 2[2], 2014. This Court found that Father was in Contempt of the October 10, 2013 Order. Consequently, this Court issued the January 24, 2014 Order that granted Mother sole legal custody of the minor children.

On February 18, 2014, Father filed the petitions that are currently before the Court, namely the Petition for Reconsideration of the January 24, 2014 Order and the Petition to Recuse Guardian.

Trial Court Opinion, 8/6/14, at 1–3.

The trial court held a hearing on the petitions on April 1, 2014, following which it refused to grant reconsideration of the January 24, 2014 order with regard to T.L. N.T., 4/1/14, at 7. At the April 1, 2014 hearing, Father's counsel averred that he wished to present the testimony of Joanne Judge, a counselor Father had utilized for T.L. prior to the January 24, 2014 order. *Id.* at 26. Father's counsel also wanted to question the GAL, Ms. Shelp, as on cross-examination, about her awareness of T.L.'s treatment

sessions with Ms. Judge and further suggested that the GAL should be recused from the case. *Id.* at 26–29. The trial court refused the testimony of the counselor and the GAL on the basis that the matter had previously been litigated and had resulted in the January 24, 2014 order that precluded the counselor from treating T.L. against Mother's wishes. *Id*. at 29–32.

As noted, on April 1, 2014, the trial court denied Father's petition for reconsideration of the January 24, 2014 order that found Father in contempt of the trial court's October 10, 2013 custody order, and awarded Mother sole legal custody of the Children. Order, 4/1/14. The April 1, 2014 order also provided that T.L. shall seek mental health treatment only during Mother's periods of physical custody. Additionally, the April 1, 2014 order also denied Father's petition to remove the GAL.

On May 1, 2014, Father filed a notice of appeal but failed to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The trial court did not thereafter order Father to file the concise statement; therefore, this Court entered an order on June 17, 2014, affording Father until June 27, 2014, to file a concise statement. Father timely complied.[2]

---

[2] *See In re K.T.E.L*, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that the failure to file a concise statement of errors complained of on appeal with the notice of appeal will result in a defective notice of appeal, to be disposed of on a case-by-case basis). *Cf. J.M.R. v. J.M.*, 1 A.3d 902, 907 (Pa. Super. 2010) (stating that an appellant's failure to comply with an order from this

Father raises the following four issues in this appeal:

1. Did the trial court err as a matter of law and abuse its discretion by failing to consider the 16 enumerated factors in 23 Pa.C.S.A. § 5328(a), when it modified the Father's custody without the benefit of conducting a custody hearing[?]

2. Did the trial court [err] as a matter of law and abuse its discretion by denying the Father his due process rights by modifying the Father's legal custody without a petition for modification?

3. Did the trial court err as a matter of law and abuse its discretion in not allowing oral arguments to take place or allow for facts to be presented by the Father to remove the Guardian ad Litem?

4. Did the trial court err as a matter of law and abuse its discretion by finding the Father to be in contempt of the trial court's order of January 24, 2014?

Father's Brief at v.

Initially, we observe that the Child Custody Act, 23 Pa.C.S. §§ 5321–5340 ("Act"), is applicable because the hearing in this matter was held in January 2014. *See C.R.F. v. S.E.F.*, 45 A.3d 441, 445 (Pa. Super. 2012) (holding that if the custody evidentiary proceeding commences on or after the effective date of the Act, *i.e.*, January 24, 2011, the provisions of the Act apply).

In custody cases, our standard of review is as follows:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept

_____

Court to file a concise statement will result in waiver of the issues on appeal).

findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*Id.* at 443 (citation omitted). We have stated:

The discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

***Ketterer v. Seifert***, 902 A.2d 533, 540 (Pa. Super. 2006) (quoting

***Jackson v. Beck***, 858 A.2d 1250, 1254 (Pa. Super. 2004)).

In ***M.A.T. v. G.S.T.***, 989 A.2d 11 (Pa. Super. 2010) (*en banc*), we

stated the following regarding an abuse of discretion standard:

Although we are given a broad power of review, we are constrained by an abuse of discretion standard when evaluating the court's order. An abuse of discretion is not merely an error of judgment, but if the court's judgment is manifestly unreasonable as shown by the evidence of record, discretion is abused. An abuse of discretion is also made out where it appears from a review of the record that there is no evidence to support the court's findings or that there is a capricious disbelief of evidence.

*Id.* at 18–19 (quotation and citations omitted).

With any custody case decided under the Act, the paramount concern is the best interests of the child. 23 Pa.C.S. §§ 5328, 5338. Section 5338 of the Act provides, upon petition, that a trial court may modify a custody order if it serves the best interests of the child. The Act also sets forth the best interest factors that the trial court must consider. 23 Pa.C.S. 23 Pa.C.S. § 5328(a); **E.D. v. M.P.**, 33 A.3d 73, 80–81 n.2 (Pa. Super. 2011) (listing factors to consider when awarding custody). Upon consideration of the section 5328(a) factors, section 5323 of the Act provides for the following types of awards:

**§ 5323. Award of custody**

**(a) Types of award.**—After considering the factors set forth in section 5328 (relating to factors to consider when awarding custody), the court may award any of the following types of custody if it is in the best interest of the child:

(1) Shared physical custody.

(2) Primary physical custody.

(3) Partial physical custody.

(4) Sole physical custody.

(5) Supervised physical custody.

(6) Shared legal custody.

(7) Sole legal custody.

23 Pa.C.S. § 5323(a).

In her responsive brief, Mother points out that Father filed his appeal from the April 1, 2014 order denying reconsideration of the underlying January 24, 2014 order, and asserts that his appeal is untimely with respect to the January 24, 2014 order. Mother's Brief at 3–4, 7–8. Mother contends that Father is attempting to bootstrap an appeal of the January 24, 2014 order by appealing the April 1, 2014 order. Indeed, our review of Father's concise statement and brief reveals that Father is seeking to challenge the January 24, 2014 order in this appeal from the April 1, 2014 order denying reconsideration of the January 24, 2014 order.

We find guidance in *Valley Forge Center Assocs. v. Rib-It/K.P.*, 693 A.2d 242 (Pa. Super. 1997). Therein, this Court explained that the mere filing of a motion for reconsideration is insufficient to toll the thirty-day appeal period. *Id*. at 245. The appeal period may be tolled, however, if the trial court expressly grants reconsideration. *Id*.

This Court recently reiterated this well-settled precept that a motion for reconsideration, unless expressly granted within the thirty-day appeal period, does not toll the time period for taking an appeal from a final, appealable order. In *Gardner v. Consolidated Rail Corp*, 100 A.3d 280, 283 (Pa. Super. 2014), we stated that the "mere filing of a motion for reconsideration . . . is insufficient to toll the appeal period." The *Gardner* Court, referencing *Valley Forge*, reaffirmed that "the 30–day appeal period

is tolled only by a timely order 'expressly granting' reconsideration" of the final appealable order. *Gardner*, 100 A.3d at 283 (citing *Valley Forge*, 693 A.2d at 245).

Here, the trial court did not grant reconsideration of the January 24, 2014 order. Thus, we lack jurisdiction to consider Father's first, second, and fourth issues because they relate exclusively to the January 24, 2014 order, and this appeal is untimely with regard to that order. *Valley Forge*, 693 A.2d at 245–246.

The only issue before us is Father's third issue challenging the trial court's denial of his petition to remove the GAL without holding a hearing on the petition. Father claims that the trial court failed to afford him due process by refusing to convene an evidentiary hearing regarding his removal petition. He cites the First Amendment to the United States Constitution.

The First Amendment to the United States Constitution provides as follows:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. CONST. amend. I.

Father's claim is premised upon his contention that the trial court "erred and abused its discretion" when it failed to hold a hearing on his

"concerns." Father's Brief at xv. In support, Father maintains that the First Amendment guarantees the rights of the people to "petition the government for redress of grievances." *Id*. Father's reliance on the First Amendment is misplaced. The present case does not involve Congress making a law that prohibits or abridges the right of the people to petition the Government for a redress of grievance. Thus, Father's reliance on the First Amendment right to petition is not appropriate in this case.

In the summary of his argument, Father further asserts that the trial court denied him due process in failing to conduct an evidentiary hearing on his petition to remove the GAL. Father's Brief at viii. Father also claims that the trial court denied his children due process when it denied them an opportunity to be heard, because the GAL failed to inform the court of T.L.'s wishes. *Id*. at xv. Essentially, Father is dissatisfied with the GAL, and sought an evidentiary hearing to air his complaints about the GAL and have the GAL removed.

Father fails to support his argument with any relevant case law or discussion of the Pennsylvania Rules of Civil Procedure to establish his right to an evidentiary hearing on his petition. We have stated, "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has

failed to cite any authority in support of a contention." ***Lackner v. Glosser***, 892 A.2d 21, 29-30 (Pa. Super. 2006) (citations omitted). ***See also In re W.H.***, 25 A.3d 330, 339 n.3 (Pa. Super. 2011) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Thus, we conclude that Father's third issue is waived for failure to provide any discussion of a claim with citation to relevant authority and failure to develop the issue in any other meaningful fashion capable of review.

Even if not waived, we would affirm the issue on the basis of the trial court's discussion of Pa.R.C.P. 1915.11-2 in its opinion. Rule 1915.11-2 provides as follows:

**Rule 1915.11-2. Appointment of Guardian Ad Litem**

(a) The court may, on its own motion or the motion of a party, appoint a guardian ad litem to represent the best interests of the child in a custody action. The guardian ad litem shall be a licensed attorney or licensed mental health professional. The guardian ad litem shall not act as the child's counsel or represent the child's legal interests. Prior to appointing a guardian ad litem, the court shall make a finding that the appointment is necessary to assist the court in determining the best interests of the child.

(b) The court may order either or both parties to pay all or part of the costs of appointing a guardian ad litem.

(c) The guardian ad litem shall file of record and provide copies of any reports prepared by the guardian ad litem to each party and the court not later than 20 days prior to trial. The

admissibility of the report shall be determined at the hearing. Prior to disclosure to the parties of confidential information prohibited by 23 Pa.C.S. § 6336, the court shall make a determination of whether the information may be disclosed. The guardian ad litem shall attend all proceedings and be prepared to testify. The guardian ad litem shall be subject to cross-examination if called to testify by either party or the court.

(d) The order appointing a guardian ad litem shall be in substantially the form set forth in Rule 1915.21.

Pa.R.C.P. 1915.11-2.

The trial court explained its decision to deny Father's petition to remove the GAL as follows:

> The court may, on its own motion or the motion of a party, appoint a guardian ad litem to represent the best interests of the child in a custody action. Pa.R.C.P. No. 1915.11-2. It is well-established that the appointment of a GAL is appropriate in high-conflict custody cases. The reason for this is that due to the high-conflict between the parties there is a concern that one or both of the parties may take actions that are not in the best interest of the child. Appointing a GAL in a high-conflict custody case ensures that there is always a party representing the best interests of the minor child or children.

> As evidenced by the record . . . , this case can certainly be considered a high-conflict custody dispute that, by its nature, necessitates the appointment of a GAL to represent the best interest of the minor child. Due to the conflict between these parties and their motivation to undermine one another, the Court believes that removing the GAL would leave open the possibility that no party would be representing the best interests of T.L. Pursuant to the practice of appointing GALs in cases of high conflict, and based upon the parties' inability to cooperate, this case demands the appointment of a GAL.

> The Court considered Father's Petition to Recuse Guardian and Mother's Answer thereto. The Court also considered the proffered testimony that was to be offered in support of Father's

-13-

petition. Based upon the uncontroverted proffered testimony[,] the Court determined that recusal of the GAL was not warranted. The Court was not satisfied that there was any evidence that the GAL exhibited a bias towards Mother. Moreover, this appears to be a pattern for Father. He filed a similar petition on February 29, 2012, and subsequently made an oral motion for removal of the GAL as is evidenced by this Court's March 11, 2013 Order. As seems to be the common thread in this case, when the Court rules in a manner which Father disagrees, he attempts to manipulate matters until he gets his desired outcome.

Trial Court Opinion, 8/6/14, at 17–18.

The record in this matter supports the trial court's determination that Father, as the party seeking the removal of the GAL, failed to satisfy his burden to establish bias, prejudice, or unfairness that raises a substantial doubt as to the GAL's ability to serve impartially. Thus, we would conclude that the trial court did not abuse its discretion in refusing to remove the GAL.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2014