J-S70025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARTIN L. GRASS & MARK G. CALDWELL, TRADING AS DOUBLE M DEVELOPMENT, A PARTNERSHIP | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| ROBERT M. MUMMA, II AND SUSAN MUMMA, TRUSTEES OF THE ROBERT M. MUMMA, II. GRANTOR RETAINED ANNUITY TRUST | : : : : : : : | No. 303 MDA 2017 |
| Appellants | : | |

Appeal from the Order Entered January 17, 2017
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
5381 Equity 1996

| | | |
|---|---|---|
| MARTIN L. GRASS AND MARK G. CALDWELL, TRADING AS DOUBLE M DEVELOPMENT, A PARTNERSHIP | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| ROBERT M. MUMMA, II AND SUSAN MUMMA, TRUSTEES OF THE ROBERT M. MUMMA, II., GRANTOR RETAINED ANNUITY TRUST | : : : : : : | No. 304 MDA 2017 |
| Appellants | : | |

Appeal from the Order Entered January 17, 2017
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2012-CV-7139-NT

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

JUDGMENT ORDER BY SHOGAN, J.:            **FILED NOVEMBER 28, 2017**

At 303 MDA 2017, Appellants appeal from a January 17, 2017 order that was misfiled at Dauphin County Docket Number 5381 Equity 1996. Accordingly, we quash the appeal at 303 MDA 2017 as moot.

At 304 MDA 2017, Appellants appeal from the same January 17, 2017 order that revived a sanctions judgment entered at Dauphin County Docket Number 2012-CV-7139-NT ("Writ of Revival Action"). In the Writ of Revival Action, Appellee Double M ("Double M") filed a motion for judgment on the pleadings on May 1, 2014 ("Motion"). Although neither party filed briefs pursuant to Pa.R.C.P. 1034 and Dauphin County Local Rule 1024(a), Double M filed a certificate of readiness on July 10, 2014. The Honorable William T. Tully refused to entertain the certificate of readiness because briefs had not been filed. Order, 7/17/14. Two months later, despite the lack of briefs and a new certificate of readiness, the Honorable Todd A. Hoover conducted a status conference and entered an order granting the Motion. Order, 9/22/14. Judgment was entered on the docket on October 6, 2014. Appellants did not file an appeal.

Instead, on September 30, 2014, Appellants' counsel filed a joint motion to withdraw his representation and a timely motion for reconsideration of the September 22, 2014 order. At the direction of the trial court, Appellants' counsel refiled the motion to withdraw and the motion for reconsideration separately on November 20, 2014. The Honorable Lawrence J. Clark, Jr. entered an order nearly six months later, allowing the

parties to file briefs addressing judgment on the pleadings.  Order 5/6/15. Twenty months after the May 6, 2015 order, Judge Clark disposed of the substantive issues set forth in the Motion and addressed in the parties' briefs, ruling in favor of Double M.  Order, 1/17/17.

Upon review, we observe numerous breakdowns in the operation of the trial court.  First, Judge Hoover inexplicably entered the September 22, 2014 order in violation of Judge Tully's July 17, 2014 order.  *See McCabe v. Marywood Univ.*, 2017 PA Super 229, 166 A.3d 1257, 1261 (Pa. Super. 2017) (explaining that the coordinate jurisdiction rule provides that judges of coordinate jurisdiction may not overrule each other's decisions).  Second, although Appellants filed a motion for reconsideration of the September 22, 2014 order, the trial court did not expressly grant reconsideration within the appeal period.  *See* Pa.R.A.P. 1701(b)(3) (authorizing trial court to grant motion to reconsider, but only if (1) motion to reconsider is filed within appeal period; and (2) trial court expressly grants reconsideration within appeal period); *Valley Forge Center Associates v. Rib–It/K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997) ("With respect to the necessity of a timely order 'expressly granting' reconsideration, 'the establishment of a briefing schedule, hearing date, or issuance of a rule to show cause does not suffice.'").  Because the trial court did not grant reconsideration expressly within the appeal period, it lost the power to act upon both the motion for reconsideration and the underlying order of September 22, 2014.  *See*

***Gardner v. Consol. Rail Corp.***, 100 A.3d 280, 283 (Pa. Super. 2014) ("If a trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the petition for reconsideration and the original order.").

Finally, Appellants did not file a timely appeal from the October 6, 2014 entry of judgment.  ***See*** Pa.R.A.P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."); ***Valley Forge Center***, 693 A.2d at 245 ("[A]lthough a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or denies the petition.").  Therefore, this appeal is defective.  Accordingly, we quash the appeal at 304 MDA 2017.

Appeals at 303 MDA 2017 and 304 MDA 2017 quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2017

- 4 -