J-S74031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEPHANO BROTHERS REAL ESTATE INVESTMENT ASSOCIATES | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| DEBORAH WILLIAMS | : : | No. 2571 EDA 2015 |
| Appellant | | |

Appeal from the Order Entered July 22, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2015-13541

| | | |
|---|---|---|
| DEBORAH WILLIAMS | : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : : : : | |
| STEPHANO BROTHERS REAL ESTATE  INVESTMENT ASSOCIATES | : : | No. 2629 EDA 2015 |

Appeal from the Order July 31, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 2015-13541

BEFORE:  OTT, J., RANSOM, J., STEVENS*, P.J.E.

MEMORANDUM BY RANSOM, J.:                **FILED NOVEMBER 02, 2016**

Deborah Williams *pro se* appeals from the order entered on July 22, 2015, which struck Appellant's appeal and permitted Appellee to proceed with eviction.  Appellant also appeals from the order entered on July 31,

---

*Former Justice specially assigned to the Superior Court

2015, which denied Appellant's Petition to Reopen and Petition to Appeal Nunc Pro Tunc. In that order, the court further dictated that money held in escrow be applied to satisfy the judgment against her.[1] We affirm.

In March of 2012, Appellant moved into her daughter's residence at 1300 Pennsylvania Avenue N-3, Oreland, PA 19075. Appellant was added to her daughter's residential lease through a roommate addendum. Appellant's daughter vacated the premises in December of 2014, while Appellant remained as a tenant.

In May of 2015, Appellee filed a landlord-tenant action against Appellant in magisterial district court due to her failure to pay rent. On May 15, 2015, a judgement was entered in favor of Appellee for $1,640.60, plus possession of the premises, if the judgment was not satisfied at the time of the eviction.[2] On June 15, 2015, Appellant appealed the decision to the Montgomery County Court of Common Pleas. On June 25, 2015, Appellee filed an Emergency Motion to Strike Appeal, asserting that the appeal was untimely. On July 17, 2015, the common pleas court held a hearing on Appellee's motion. On July 22, 2015, the court issued an order granting

---

[1] On September 30, 2015, this Court issued a *Per Curiam* order consolidating the appeals at Superior Court docket numbers 2571 and 2629 EDA 2015.

[2] Appellant was not present at the district court hearing. Rather, her daughter appeared on Appellant's behalf. Appellant's daughter was not a party to this action and was, therefore, barred from testifying and presenting evidence on Appellant's behalf.

Appellee's motion, striking Appellant's appeal, and permitting Appellee to proceed with eviction.

On July 23, 2015, Appellant filed a Petition for Stay of Eviction and, the following day, filed a Petition to Reopen and Emergency Motion for Stay of Eviction. A second hearing was held on July 31, 2015. At the conclusion of the hearing, the court denied both of Appellant's motions. The court further ordered that Appellee receive the entire $2,030.00 held in escrow by the Montgomery County Prothonotary. This amount satisfied Appellee's judgment, and a portion of Appellant's June 2015 rent. In August 2015, Appellant filed separate notices of appeal from the orders entered July 22, 2015, and July 31, 2015. The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, but the court filed an opinion explaining its decision.

Appellant raises the following issues:

1. Whether Minor Court Rules Committee unintentionally misled Appellant in its amendments to Title 246, Chapter 1002 in providing protection for victims of domestic violence, without disclosing the proper procedure for securing protection?

2. Whether Appellant meets the standard as a victim of domestic violence, per the 30-day window specifically defined for such victims? If so, thereby find an error of law occurred when the trial Court, too, inadvertently was misled in striking Appellant's SUPERSEDEAS [*sic*] appeal?

3. Whether an error of law occurred when representative appeared on behalf of Appellant was withdrawn as a party at the district justice hearing then barred from testifying and presenting evidence to support her mother's case.

4. Whether there was a breakdown in the court process where Prothonotary's office refused to file Appellants' [*sic*]

Appeal Nunc Pro Tunc within 24 hours of appeal being stricken? Additionally, whether the Appeal Nunc Pro Tunc was indeed filed timely, and further met the 3 requisite elements to be granted?

5.     Whether covenants in lease of Appellant mandating: 1) "waiver of right to sue," 2) "assumption of all legal costs" and, 3) "legal fees can be "recovered as rent"" can withstand substantive and procedural unconscionability in an action which is frivolous, and unlawful ["for-profit scheme] in violation of the Unfair Trade Practices and Consumer Protection Law of Pennsylvania? (UTPCPL)

6.     Whether Appellant is entitled to receipts upon tender of payments for rent, fees, etc. to Appellee in satisfaction of the statutorily mandated protection afforded under the Unfair Trade Practices and Consumer Protection law of Pennsylvania?

7.     Whether the instant and prior actions constitute Abuse of Process upon which relief could be granted?

Appellant's Brief at 2-4.

The issues raised in these consolidated appeals overlap. Accordingly, we will address them together. Upon our review, Appellant's second issue raised is dispositive. According to Appellant, the common pleas court erred in striking her appeal as untimely. The Landlord Tenant Act establishes time constraints within which a party must file an appeal to the court of common pleas. The Act provides:

Within ten days after the rendition of judgment by a lower court arising out of residential lease or within thirty days after a judgment by a lower court arising out of a nonresidential lease or a residential lease involving a victim of domestic violence, either party may appeal to the court of common pleas[.]

68 P.S. § 250.513(b); Pa.R.Civ.P.D.J. 1002.[3] Time limitations on filing appeals are strictly construed. *See, e.g.*, *Valley Forge Ctr. Assocs. v. Rib-It/K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997) (interpreting Pa.R.A.P. 903(a) and explaining that the time limitation of Pa.R.A.P. 903 is jurisdictional in nature and must be strictly construed).

Appellant's claim is premised upon the assertion that she is a victim of domestic violence and, thus, had thirty days to file an appeal. The Landlord Tenant Act defines a victim of domestic violence as "a person who has obtained a protection from abuse order against another individual or can provide suitable evidence as the court shall direct." 68 P.S. § 250.513.

Following the hearing, the common pleas court dismissed Appellant's appeal as untimely and permitted Appellee to proceed with eviction. The common pleas court determined that Appellant was not a victim of domestic violence because she failed to produce a protection from abuse order, or police reports suggesting she was a victim, and the court found that her testimony was not credible. Trial Court Opinion, 10/13/15, at 3. When

---

[3] The time for filing an appeal from a judgment entered by a district justice is prescribed by Pa.R.Civ.P.D.J. 1002. Pa.R.Civ.P.D.J. 1002(b) provides "[a] party aggrieved by a judgment for the delivery of possession of real property arising out of a residential lease may appeal therefrom within ten (10) days after the date of the entry of judgment…" Subdivision "b" is designed to implement the time for appeal set forth in the Landlord Tenant Act and to clarify where right of possession of residential real estate is at issue. *See Cherry Ridge Development v. Chenoga*, 703 A.2d 1061, 1062-1063 (Pa. Super. 1997).

reviewing a trial court's determination of credibility, it is well established that this Court is not free to usurp the trial court's duty as the fact finder. *Mackay v. Mackay*, 984 A.2d 519, 533 (Pa. Super. 2009). As the record supports the above credibility determination, we defer to this finding.

Thus, Appellant does not qualify for the 30-day appeal period, and her appeal to the court of common pleas was untimely.[4]

Application for Emergency Relief denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2016

---

[4] After submission to this panel, Appellant filed an Application for Emergency Relief, reasserting many of the claims raised in her appeal. Upon review, no relief is due.