J-S69020-18
J-S69021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.L.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: L.R., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 43 MDA 2018 |

Appeal from the Decree Entered October 27, 2017
In the Court of Common Pleas of Luzerne County Orphans' Court at
No(s):  A-8600

\*\*\*\*\*

| | | |
|---|---|---|
| IN THE INTEREST OF: A.G.R., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: L.R., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 48 MDA 2018 |

Appeal from the Decree Entered October 27, 2017
In the Court of Common Pleas of Luzerne County Orphans' Court at
No(s):  A-8601

BEFORE:    BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:              **FILED: NOVEMBER 9, 2018**

L.R. (Mother) appeals from the trial court's decrees involuntarily

terminating her parental rights to her minor children, A.L.D. (born 10/2013)

and A.G.R. (born 9/2011) (collectively, Children). After careful consideration, we quash the appeals.[1]

On August 8, 2017, Luzerne County Children and Youth (CYS) filed petitions to terminate Mother's parental rights to Children. After a termination hearing held on October 25, 2017, the trial court entered decrees two days later involuntarily terminating Mother's parental rights to Children under 23 Pa.C.S. § 2511(a)(9)(ii).[2] On December 27, 2017, Mother filed notices of appeal from those termination decrees, with a concurrent Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal raising issues related solely to the termination of her parental rights. On that same date, Mother filed a motion requesting leave to file *nunc pro tunc* appeals. In her motion, counsel indicated, in relevant part:

- Natural mother's rights were terminated pursuant to Title 23, Section 2511(a)(9) of the Pennsylvania Code.
- An appeal to the Superior Court of Pennsylvania would have been due November 26th, 2017.

---

[1] We have consolidated these appeals *sua sponte*. **See** Pa.R.A.P. 513.

[2] **See** 23 Pa.C.S. § 2511(a)(9)(ii) (rights of parent may be terminated where parent has been convicted of felony of aggravated assault, in which victim was child of parent). In June 2016, Mother pled guilty to simple assault, 18 Pa.C.S. § 2701, for physical injuries to A.G.R. In March 2017, Mother was found guilty of aggravated assault, simple assault, endangering the welfare of children, 18 Pa.C.S. § 4302, and recklessly endangering another person (REAP), 18 Pa.C.S. § 2705, for physical injuries she caused to A.L.D. She was sentenced to 10-20 years' imprisonment for the aggravated and simple assault charges, 18 months in prison for child endangerment, 1-2 months' incarceration for REAP, plus 5 years of probation.

- 2 -

- The courts were closed from November 23, until the 27th of 2017, due to the Thanksgiving Holiday.
- This puts the appeal date at November 27th.
- On November 28, 2017, Daniel Hunter attempted to file appeals with respect to both termination [decrees].
- In his discretion, Attorney Hunter decided that it would be best to simply file this motion requesting leave to file *nunc pro tunc*.

Motion for Leave to File *Nunc Pro Tunc*, 12/27/17, at ¶¶ 6-11. On December 28, 2017, the trial court denied Mother's motion for leave to file *nunc pro tunc* appeals to our Court.[3]

On appeal, Mother presents the following issue for our consideration:

Whether the trial court committed reversible error by involuntarily terminating the natural mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(9)(ii), where such determinations were not supported by clear and convincing evidence establishing the grounds for such, when the sentence of the Natural Mother was, at the time, under the review and consideration by an appellate court, and further, that a petition under the Post Conviction Relief Act of Pennsylvania had not been addressed by any court.

Appellant's Brief, at 4.

Before addressing the merits of Mother's appeal, we must first raise the issue of whether her notices of appeal were timely filed. We must make this

---

[3] On March 20, 2018, our Court issued an order directing the trial court to hold a hearing to determine whether counsel had abandoned Mother on appeal and to take any necessary action to protect her appeal rights. The trial court complied, found that counsel had not in fact abandoned his client, and ordered counsel to file a docketing statement with our Court on or before April 13, 2018, and to submit his brief on or before April 30, 2018. On August 21, 2018, the trial court held another hearing noting that counsel had been late with the filing of his docketing statement and brief, but still concluding that counsel had not abandoned his client. N.T. Hearing, 8/21/18, at 6.

inquiry because our Court is without jurisdiction to excuse a failure to file a timely notice of appeal. *Valley Forge Center Assoc. v. Rib-It/K.P., Inc.*, 693 A.2d 242 (Pa. Super. 1997).[4]

Pursuant to Pennsylvania Rule of Appellate Procedure 903, a notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). The 30-day appeal period must be strictly construed. *Valley Forge Center*, *supra*. Under Pennsylvania Rule of Appellate Procedure 108(b), the date of entry of an order is the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b). *See* Pa.R.A.P. 108(b). An order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given. *In re L.M.*, 923 A.2d 505 (Pa. Super. 2007). Where there is no indication on the docket that Rule 236(b) notice has been given, then the appeal period has not started to run. *Id.* This is a bright-line rule, to be interpreted strictly. *Id.*

Here, the docket clearly indicates that Rule 236(b) notice was given to Mother, regarding the entry of the termination decrees, on October 27, 2017. As counsel acknowledges, in order for Mother's appeals to have been timely

---

[4] We note that Mother has not appealed from the order denying her motion for leave to file a *nunc pro tunc* appeal. Rather, her notices of appeal are from the decrees terminating her appellate rights; her appellate issues and arguments solely concern termination.

filed, they must have been filed with the trial court by November 27, 2017.[5]

Counsel admits he did not "attempt[] to file appeals with respect to both termination [decrees]" until November 28, 2017,[6] when they would have already been one day late under Rule 903. **See** N.T. *Nunc Pro Tunc* Hearing, 12/22/18, at 3. Moreover, "in his discretion," counsel decided that it "would be best to simply file [a motion seeking *nunc pro tunc* appeal rights] on December 27, 2017," *one month* after the appeal period expired. Motion for Leave to File *Nunc Pro Tunc*, 12/27/17, at 1-2. The trial court denied the motion.[7] Unfortunately for counsel, this does not cure the untimeliness of his appeals.[8] Because an untimely appeal divests this Court of jurisdiction, we

_____

[5] While November 26, 2017, was technically the 30th day for purposes of Rule 903, the 26th fell on a Sunday. Thus, the 30th day, for purposes of computation of the appeal period, fell on Monday, November 27, 2017. **See** Pa.R.C.P. 106 (whenever last day of any time period computed under Rule 903 falls on Saturday, Sunday, or any legal holiday, such day shall be omitted from computation).

[6] Counsel never actually filed the notices of appeal on November 28th.

[7] Cleverly, counsel styled his notices of appeal as "notices of appeal *nunc pro tunc*." Simply naming the filings as *nunc pro tunc* do not make them operate as such.

[8] Rather than delay the case with a *nunc pro tunc* motion, counsel should have been mindful of the fact that, as a termination case, time is of the essence due to the Children's need for permanency. Moreover, counsel's explanation that he filed the appeals late because he was "booked up in private matters that whole week," hardly meets the requirements for *nunc pro tunc* relief, which is granted primarily only where the right to appeal has been lost due to certain extraordinary circumstances or a breakdown in the court process. **See Fischer v. UPMMC Nw.**, 34 A.3d 115 (Pa. Super. 2011); **see also Criss v. Wise**, 781 A.2d 1156, 1159 (Pa. 2001) (Supreme Court held

must quash the appeals.  *Cheathem v. Temple University Hosp.*, 743 A.2d

518, 521 (Pa. Super. 1999).

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2018

---

that *nunc pro tunc* relief granted where appellant proves:  (1) notice of appeal was filed late as result of **non-negligent** circumstances, either as they relate to appellant or appellant's counsel; (2) appellant filed notice of appeal shortly after expiration date; and (3) appellee was not prejudiced by delay).