J-S19019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOCELYN CHANDLER, RICHARD JENNINGS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COREY BRACEY | : | |
| | : | No. 2027 EDA 2019 |
| Appellant | : | |

Appeal from the Order Entered April 10, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  May Term, 2006, No. 060502517

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED MAY 22, 2020**

Corey Bracey (Appellant) appeals *pro se*[1] from the order entered in the Philadelphia Court of Common Pleas denying his petition to strike a default judgment entered against him and in favor of Jocelyn Chandler and Richard Jennings (Appellees).[2]  On appeal, Appellant argues the trial court erred by:

---

[1] Appellant is currently incarcerated, and we infer that he has been in prison since at least January of 2018.  Although the certified record includes no information concerning the reason for, or length of, his incarceration, Appellant listed the Greene and Rockview State Correctional Institutions as his addresses on various filings, including his original petition to strike the judgment, and stated his only asset was a prison inmate account.  ***See*** Appellant's Petition to Strike Default Judgment, 1/31/18; Appellant's Petition for Reconsideration, 6/26/18; Appellant's Petition to Proceed *In Forma Pauperis* & Without Payment of Bond, 2/8/19, at 2.  Appellant likewise provides his address as the Rockview State Correctional Institution on his filings in this Court.  ***See*** Appellant's Brief at 7.

[2] Appellees did not file a responsive brief.

(1) finding all his claims waived based upon his purported failure to file a Pa.R.A.P. 1925(b) statement; (2) failing to inform him he could appear at the petition to strike hearing by writ of *habeas corpus*, and (3) accepting personal jurisdiction when he was not properly served with Appellees' complaint. For the reasons below, we remand this case to the trial court to determine whether Appellant is entitled to file a Rule 1925(b) statement *nunc pro tunc*.

The relevant facts and procedural history underlying this appeal are as follows. On June 14, 2004, Appellant was involved in motor vehicle accident with Appellees in Philadelphia. On May 18, 2006, one month before the expiration of the two-year statute of limitations period,[3] Appellees filed a complaint asserting the accident was caused solely by Appellant's negligence, and seeking damages for personal injuries (Chandler) and property damage (Jennings). Appellees' affidavit of service was docketed on June 30, 2006. The form indicated that, on June 22, 2006, service of process was provided to an "[a]dult in charge of [Appellant's] residence who refused to give name or relationship." Affidavit of Service, 6/20/06. Appellant did not file an answer or otherwise respond to the complaint.

---

[3] *See* 42 Pa.C.S. § 5524(a)(7) (statute of limitations for cause of action in negligence is two years); *Varner-Mort v. Kapfhammer*, 109 A.3d 244, 248 (Pa. Super. 2015) ("[T]he general rule in Pennsylvania regarding car accident cases is that the statute of limitations begins to run for an injured plaintiff on the day of the accident.").

On August 18, 2006, Appellees filed a *praecipe* for entry of default judgment based upon Appellant's failure to respond to the complaint.[4] Judgment was entered on the docket, and on January 16, 2007, Appellees appeared at an arbitration hearing to determine damages. Appellant did not appear for the hearing. The panel awarded Chandler $35,000 in damages and no damages to Jennings. No appeal was filed.

The docket reveals no activity for 11 years. Thereafter, on January 31, 2018, Appellant, who was by then incarcerated, filed both a *pro se* petition to strike the judgment, with accompanying brief, and a petition to proceed *in forma pauperis* (IFP). In his petition to strike, Appellant averred he never received the complaint and the affidavit of service form was patently defective, and thus the trial court had no personal jurisdiction to enter a judgment against him. Appellant's Petition to Strike Judgment, 1/31/18, at 1-2. In his brief, Appellant explained the affidavit indicated service was made on June 22, 2006, after the 30-day period for service provided in the Pennsylvania Rules of Civil Procedure, and Appellees failed to reinstate the complaint.[5] Appellant's

---

4 The *praecipe* stated that a 10-day notice of intent to enter default judgment was provided to Appellant on July 18, 2006. **See** Order for Judgment, 8/18/06.

5 Pennsylvania Rule of Civil Procedure 401 provides, in relevant part:

> (a) Original process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint.

Brief in Support of Petition to Strike Judgment, 1/31/18, at 3. Because service was made after the two-year statute of limitations expired Appellant insisted the judgment should be stricken from the record. ***Id.*** Additionally, Appellant claimed the affidavit did "not indicate the place of service[,]" as required by the Rules of Civil Procedure, so that "it is impossible to ascertain if [he] was served in this matter, which [he] avers he was not."[6] ***Id.*** at 4.

On February 2, 2018, the trial court entered an order denying, without prejudice, Appellant's petition to proceed IFP because he had failed to provide the requisite information to determine his indigency status. Order, 2/2/18. The order further stated, "[Appellant] shall pay the requisite filing fees or file a new Petition to Proceed *In Forma Pauperis* within twenty (20) days of the docketing of this Order." ***Id.*** Appellant did neither.

_____

(b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule . . . the prothonotary upon *praecipe* and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon "reissued" in the case of a writ or "reinstated" in the case of a complaint.

(2) A writ may be reissued or a complaint reinstated at any time and any number of times. . . .

Pa.R.C.P. 401(a), (b)(1).

[6] The Affidavit of Service form, which is included in the record, directs the process server to serve the complaint to Appellant at "323 N. 56th St. Phila., PA 19139." Affidavit of Service — Philadelphia Co., 6/30/06. However, the section of the form to be completed by the process server, indicating where service was made, was left blank. ***Id.***

In the meantime, on February 21, 2018, Appellees filed an answer and memorandum of law in response to Appellant's motion to strike. Appellees acknowledged "the Affidavit of Service appears defective[,]" however, asserted the writ server properly served the complaint within 30 days but simply "filled out the Affidavit wrong." Appellees' Memorandum of Law, 2/21/18, at 1. Appellees further stated that, although the writ server "does not remember what occurred" ten years ago, they would be "severely prejudiced by allowing this matter to be completely dismissed with prejudice." *Id.* Nevertheless, Appellees requested the trial court "enter an Order vacating the judgment and requiring [Appellant] to file an Answer to the Complaint[,]" thus, agreeing Appellant was entitled to some relief. *Id.*

On March 1, 2018, Appellant was notified his petition to strike the judgment was stricken by the Office of Judicial Records because he failed to pay the appropriate filing fee.[7] Notice, 3/1/18. Appellant filed an untimely motion for reconsideration, which was denied by the trial court, and then appealed to this Court. On September 25, 2018, this Court quashed the appeal *per curiam* because it was taken from an interlocutory order. *See* Docket No. 2152 EDA 2018, Order, 9/25/18.

On February 8, 2019, Appellant filed a second petition to strike the January 2007 default judgment — identical to the one he filed the prior year — as well as a petition to proceed IFP. On February 12th, the supervising

_____

[7] Appellant did not file a new petition for IFP.

judge granted Appellant IFP status. The petition to strike was assigned to the Honorable Paula Patrick. On March 7, 2019, the court issued a rule to show cause why Appellant's petition should not be granted, and scheduled a hearing for April 10, 2019. Appellant failed to appear at the show cause hearing and, that same day, the court denied the petition to strike. Order, 4/10/19.[8] Appellant filed a notice of appeal that was docketed on May 17, 2019. On July 25, 2019, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On September 9th, the court issued an opinion suggesting that this Court dismiss the appeal because Appellant failed to file a Rule 1925(b) statement. Trial Ct. Op., 9/9/19, at 1-2. The court also stated Appellant's notice of appeal was filed late. *Id.* at 1. The trial court did not address any substantive issues. On April 13, 2019, this Court issued a *per curiam* rule to show cause why the appeal should not be quashed as untimely. Order, 8/13/19. After Appellant filed a timely response, this Court discharged the rule and referred the issue to the merits panel. Order, 9/23/19.

Appellant raises the following issues on appeal, which we have reordered for ease of disposition:

> 1. Did the lower court err by not finding Appellant's statement of errors complained on appeal as timely, when he did file timely and multiple times thereafter (*nunc pro tunc*)?

---

[8] Notice of the order was sent the following day, April 11, 2019.

2. Did the lower court err by not stating Appellant's right to effectuate his appearance at the petition to strike hearing by writ of *habeas corpus*?

3. Did the lower court err accepting in personam jurisdiction of challenged judgment without proper service of original process upon Appellant?

Appellant's Brief at 1.

Before we address Appellant's claims on appeal, we must first consider whether this appeal was timely filed. Because "an untimely appeal divests this Court of jurisdiction[,]" we may consider the timeliness of an appeal *sua sponte*. **Valley Forge Ctr. Assocs. v. Rib-It/K.P., Inc.**, 693 A.2d 242, 243, 245 (Pa. Super. 1997).

Pennsylvania Rule of Appellate Procedure 903(a) mandates that "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). In a civil case, the date of entry of an order is "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b). **See** Pa.R.C.P. 236(b) ("The prothonotary shall note in the docket the giving of the notice[.]]"). Here, the underlying order was entered on April 10, 2019, and notice was sent on April 11, 2019. Appellant's notice of appeal was date-stamped and docketed on May 17, 2019. **See** Appellant's Notice of Appeal, 5/17/19. Thus, on its face, it appears Appellant's appeal was untimely filed.

However, Appellant claims he originally filed a notice of appeal in the trial court on April 19th, but the clerk refused the filing and returned the

documents to him because he used the wrong form. Appellant's Response to Order to Show Cause Why Appeal is Timely, 8/26/19, at 2. Appellant attached to his show cause response a copy of a "Notice of Rejected/Returned Documents" from the Philadelphia Court of Common Pleas, dated May 2, 2019, which states his "documents are unacceptable for filing" and requests he "please complete on notice of appeal forms provided." ***Id.***, Exhibit 2.

The Pennsylvania Supreme Court has held "[t]he clerk of courts . . . lacks the authority to reject, as defective, a timely notice of appeal." ***Commonwealth v. Williams***, 106 A.3d 583, 588 (Pa. 2014).[9] Rather, Pennsylvania Rule of Procedure 905(a)(3) "unequivocally requires the clerk for the lower court to time-stamp a notice of appeal immediately upon receipt." ***Id.***, *citing* Pa.R.A.P. 905(a)(3) ("Upon receipt of the notice of appeal, the clerk **shall** immediately stamp it with the date of receipt, and that date **shall** constitute the date when the appeal was taken, which date shall be shown on the docket.") (emphasis added). Accordingly, we will consider Appellant's notice of appeal as filed on May 2, 2019, the date it was rejected by the trial court; thus, this appeal is timely filed.

Next, we must determine whether Appellant has waived all of his claims based upon his failure to comply with the trial court's Pa.R.A.P. 1925(b) order. ***See*** Trial Ct. Op., 9/9/19, at 1-2.

---

[9] "Since the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." ***Kanter v. Epstein***, 866 A.2d 394, 400 n.6 (Pa. Super. 2004)

It is axiomatic that a litigant must file a timely Rule 1925(b) statement when ordered to do so by the trial court. Pa.R.A.P. 1925(b). In **Commonwealth v. Hill**, 16 A.3d 484 (Pa. 2011), the Pennsylvania Supreme Court summarized the law concerning compliance with the Rule:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [**Commonwealth v. Lord**, 719 A.2d 30, 309 (Pa. 1998),] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."

*Id.* at 494. **Hill**, however, considered the language of Rule 1925 prior to the 2007 amendments, which "made sweeping changes [to the Rule, including] a longer period for filing, explicit provisions for extensions of time to file, and detailed direction on the information a Statement should include." **Commonwealth v. Gravely**, 970 A.2d 1137, 1140 (Pa. 2009).

Relevant herein, the Rule now provides a trial court with the discretion to extend the original filing period:

The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. **Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed.** Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. **In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.**

Pa.R.A.P. 1925(b)(2) (2014)[10] (emphases added). Furthermore, the 2007 Amendments added subsection (c), which permits an appellate court to remand a civil case in the following circumstances:

(1) An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served.

(2) Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion.

Pa.R.A.P. 1925(c)(1)-(2) (2014).

Here, the record reveals the trial court entered an order on July 25, 2019, directing Appellant to file a Rule 1925(b) statement "no later than twenty-one (21) days after entry of [the] Order." Order, 7/25/19. Notice of

---

[10] We note Rule 1925 was amended on June 24, 2019, with an effective date of October 1, 2019. *See* Pa.R.A.P. 1925, Credits. The language cited above now appears in Subsection (b)(2)(i) of the Rule. *See* Pa.R.A.P. 1925(b)(2)(i). Because the Rule 1925(b) order entered herein was filed on July 26, 2019 — before the new amendments took effect — all references are to the prior language of the Rule.

the order was provided on July 26, 2019. *See* Docket Entry, 7/26/19. Therefore, Appellant's Rule 1925(b) statement was due on August 16, 2019. Appellant avers in his brief that he mailed his Rule 1925(b) statement "at his first available opportunity" on August 21, 2019. Appellant's Brief at 5. He claims he was confined to his cell prior to that time and "[t]he guards would not deposit the mailpiece (sic) themselves nor were they trusted to do so." *Id.* at 5 n.1. Accordingly, Appellant insists he "has shown good cause why the statement should be accepted as timely." *Id.* at 5.

In its opinion, the trial court stated it directed Appellant to file a Rule 1925(b) statement "by August 26, 2019." Trial Ct. Op. at 1. If this were so, Appellant's statement, purportedly filed on August 21, 2019, would have been timely.[11] As noted above, however, the court's order directed Appellant to file a statement within 21 days, or by August 16, 2019. *See* Order, 7/25/19.

The court also indicated in its opinion that, "[t]o date, Appellant has not filed a statement pursuant to Pa.R.A.P. 1925(b)[.]" Trial Ct. Op. at 1. However, we note that the court's Rule 1925 order did not comply with the requirements of the Rule. Indeed, at the time the court entered its Rule 1925(b) order, subsection (b)(3) mandated:

> (3) Contents of order.--The **judge's order** directing the filing and service of a Statement **shall specify**[, *inter alia*,]: . . .

---

[11] *See Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. 2001) (extending prisoner mailbox rule to pro se incarcerated litigants in civil matters; under this rule, "a legal document is deemed filed . . . on the date it is delivered to the proper prison authority or deposited in the prison mailbox.").

> (ii) that the Statement shall be filed of record;
>
> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) . . . .

Pa.R.A.P. 1925(b)(3)(ii)-(iii) (2014) (emphasis added). Although the order herein directed Appellant to "file[ ]" the statement within 21 days, it did not instruct him to serve the statement on the trial court pursuant to Subsection (b)(1).[12]  **See** Order, 7/25/19.  **See also** Pa.R.A.P. 1925(b)(1) (2014) (directing appellants to concurrently file of record and serve statement on judge either in person for by mail).

Accordingly, based upon the circumstances presented herein — a *pro se*, incarcerated appellant, who avers he attempted to comply with the court's order, but was unable to do so based upon circumstances allegedly beyond his control — we remand this case to the trial court to conduct a hearing to determine if Appellant did comply with the court's Rule 1925 order, or, alternatively, if Appellant demonstrated good cause or extraordinary circumstances warranting the filing of a statement *nunc pro tunc*.[13]

---

[12] Pursuant to the 2019 amendments, Subsection (b)(3)(iii) now requires the trial court to **specify** in its Rule 1925(b) order "both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement."  Pa.R.A.P. 1925(b)(3)(iii).  The subsection also notes the trial court may provide an email or fax number to effectuate alternative service.  **Id.**  However, as noted above, this amendment was not in effect at the time the trial court herein entered its Rule 1925(b) order.

[13] We note, too, that this case involves a $35,000 judgment entered 13 years ago, without any record evidence that Appellant was properly served with the complaint, or had any knowledge of the judgment against him prior to January of 2018.  Further, Appellees admitted in their response to Appellant's motion

Case remanded.  Panel jurisdiction retained.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/20

---

to strike that the Affidavit of Service "appears defective," and conceded the proper remedy would be "to vacate the judgment and allow [Appellant] to file an Answer."  Appellees' Response to Appellant's Petition to Strike Judgement, 2/21/18, at 1.