J-S44014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAUL M. WOLSKI, BY NANCY HUDACK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YVONNE WORMAN | : | |
| | : | No. 688 MDA 2022 |
| Appellant | | |

Appeal from the Order Entered February 28, 2022
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2022-40213

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: APRIL 5, 2023**

Yvonne Worman appeals from the Lackawanna County Court of Common Pleas' order granting a Protection from Abuse ("PFA") petition filed on behalf of Worman's brother, Paul Wolski. Worman has filed an appellate brief which fails to comply with the Rules of Appellate Procedure in such a substantial manner that we are unable to conduct a meaningful review of any issues Worman is purporting to raise. As such, we are constrained to quash the appeal.

Given our disposition of the case, we need only provide the most general overview of the factual and procedural history of this case. Due to Wolski's incapacity, Worman was appointed plenary guardian of Wolski's person and

_____

[*] Retired Senior Judge assigned to the Superior Court.

estate. In 2021, a petition for appointment of substitute guardian was filed alleging Worman of caregiver neglect, and Worman was removed as guardian for Wolski. The Family Service Association of Northeastern Pennsylvania ("FSA") was appointed as substitute guardian of Wolski's person and estate.

In February 2022, Nancy Hudack of FSA filed a PFA petition on behalf of Wolski, alleging Worman emotionally abused Wolski. The trial court entered a temporary PFA order against Worman and scheduled a hearing on the matter for February 28, 2022. The court held the hearing as scheduled, and Worman did not attend, although it was confirmed on the record that she had received notice of the hearing via email. *See* N.T., 2/28/22, at 11, 16-17. Following the hearing, the court entered a final PFA order, set to expire on August 28, 2022.[1]

On March 8, 2022, Worman filed a motion for a hearing *nunc pro tunc*/motion for re-hearing. The court did not enter an order expressly granting reconsideration, but did hold a hearing on Worman's motion on March 28, 2022, after which it denied the motion. Worman filed her notice of appeal from the February 28, 2022 PFA order on April 18, 2022.

Given this timeline, we must first determine whether Worman's notice of appeal is untimely, which would divest this Court of jurisdiction to consider

_____

[1] Hudack argues the appeal should be dismissed as moot because the PFA order has expired. As we are quashing the appeal for a different reason, we need not reach this issue.

- 2 -

the merits of the appeal. *See Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014). Pa.R.A.P. 903(a) requires an aggrieved party to file a notice of appeal within 30 days after the entry of the order from which the appeal is taken. *See* Pa.R.A.P. 903(a). This 30-day appeal period is not tolled by the mere filing of a motion for reconsideration; rather, it is only tolled by a trial court's timely order expressly granting reconsideration. *See* Pa.R.Civ.P. 1930.2(b); Pa.R.A.P. 1701(b)(3); *Valley Forge Center Associates v. Rib-It/K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997). Therefore, even when a party files a petition for reconsideration within the 30-day appeal period, the party must simultaneously file a notice of appeal to preserve their appellate rights in the event the trial court does not expressly grant the petition within the 30 days or denies the petition, as it did here. *See id.*

In the instant matter, the final PFA order was entered on February 28, 2022, Worman's motion for reconsideration did not toll the 30-day appeal period, and Worman did not file her notice of appeal until April 18, 2022. This would seem to make Worman's appeal facially untimely. However, in civil cases, the 30-day appeal period only begins to run from the date the prothonotary notes in the docket that notice of the order has been provided to the parties pursuant to Pa.R.A.P. 236(b). *See* Pa.R.A.P. 108(b). While there is a notation in the docket that the PFA order was entered on February 28, 2022, there is no entry on the docket establishing that Rule 236(b) notice of that order was given to the parties. This Court has held that, in these

circumstances, the "appeal period has not started to run." *In re L.M.* 923 A.2d 505, 509 (Pa. Super. 2007). Given the absence of a docket entry showing Rule 236(b) notice was given here, we decline to quash the appeal on the basis that it was untimely filed.

However, we are constrained to quash the appeal for a different reason: Worman's brief utterly fails to comply with the Rules of Appellate Procedure.[2] Worman's brief does not contain a separate statement of jurisdiction, the order in question, a statement of the scope and standard of review, a statement of the questions involved, a statement of the case, or a summary of the argument, all of which are explicitly required by Pa.R.A.P. 2111. She does not attach the trial court's opinion or order, as mandated by Pa.R.A.P. 2111(b).

Instead, Worman has provided this Court with a "Reply to the court's opinion," which is unpaginated and merely consists of a list of 38 paragraphs. In those paragraphs, Worman launches into a wide variety of unsubstantiated allegations, including allegations that "all parties" are "participating in a cover

---

[2] We note the trial court ordered Worman to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Worman did file a statement, but it is anything but concise and her ramblings do not in any way clearly define what issues she wished to raise on appeal. The trial court, however, declined to find Worman's issues waived and instead, addressed what issues it could glean from the statement in its Rule 1925(a) opinion. In that opinion, the trial court rejected Worman's claims, including her claim that the PFA order was not warranted because Wolski did not want the PFA; that Hudack's concern for Wolksi's welfare was insufficient grounds for a PFA; and that the court did not have jurisdiction over the matter.

up" and violating Wolski's civil rights, human rights and rights prescribed by the Americans with Disabilities Act ("ADA"). Worman complains these parties are also biased against her and are violating her first and second amendment rights, and have slandered and defamed her. It is not always evident to which "party" Worman is referring.

Worman does specifically argue that Hudack has engaged in "numerous violations of rights" and should be charged with a crime, guardian abuse and an "unsworn falsification violation." She maintains the trial court engaged in judicial misconduct and was in contempt of its own court order. She calls for a federal investigation in several places in her brief. In the end, Worman's allegations are undeveloped and do not in any way specifically define her issues. She also does not cite to any law, with the exception of some provisions of the ADA typed out in different fonts at the end of her document. Worman's "argument" section of her brief, at bottom, does not comply with Pa.R.A.P. 2119(a).

We recognize, of course, that Worman is proceeding *pro se* and is clearly of the belief that many errors have been made by the trial court and others. However, all parties, including those proceeding *pro se*, are required to submit briefs which comply with the Rules of Appellate Procedure. ***See in re Ullman***, 995 A.2d 1207, 1211-1212 (Pa. Super. 2010). Worman has flagrantly failed to do so here. She has submitted a brief which is missing almost all of the components of a brief required by our Rules of Appellate Procedure, and

instead submitted a document with an "argument" section that does not allow for any type of meaningful appellate review. Under these circumstances, we are constrained to quash the appeal. *See id*.; Pa.R.A.P. 2101.[3]

Appeal quashed. Application for Post-Submission Communication denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/05/2023

---

[3] Worman has also filed a lengthy application for post-submission communication, which consists of more far-reaching allegations of misconduct by FSA, the trial court and others. She has not offered any justification to support the granting of this application, and we fail to see any such justification. Accordingly, the application is denied.